NO













NO. 12-06-00048-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

MARCUS B.
DANIELS,       §                      APPEAL FROM THE 217TH

APPELLANT

 

V.        §                      JUDICIAL  DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      ANGELINA
COUNTY, TEXAS

                                                                                                                                                       

            MEMORANDUM OPINION

            Marcus
B. Daniels appeals his conviction of possession of less than one gram of
methamphetamine, for which he was sentenced to confinement for eighteen
months.  In three issues, Appellant
challenges the trial court’s denial of his motion to suppress.  We affirm.

 

Background

            Appellant was charged by indictment
for possession of less than one gram of methamphetamine[1] and pleaded “not
guilty.”  Appellant subsequently filed a
pretrial motion to suppress.  On July 14,
2005, a hearing was conducted on Appellant’s motion.

            At the hearing, Lufkin Police
Officer Jennifer Payne testified on behalf of the State.  Payne testified that  at approximately 2:15 a.m. on April 29, 2004,
she received a dispatch call concerning a report of a burglary of a motor
vehicle at the Silver Creek Apartments. 
The dispatch call described the suspect’s vehicle as a white passenger
car with no hubcaps.  The call further
described the car as “loud.”  The
dispatch call also described the suspect as a male with a thin build and curly
hair.  








            Payne further testified that when
she arrived at the Silver Creek Apartments, a place she described as a “high
crime” area, she saw a white passenger car leaving the complex.  Payne stated that she suspected the car she
saw was the same car referenced in the dispatch call and performed a traffic
stop.[2]  Payne testified that she made contact with
Appellant, who was the driver of the car, and that he was “acting strangely.”  Payne further testified that Appellant told
her he had been looking for a friend, but was unable to identify his friend or
relate to Payne where his friend lived. 
Payne stated that Appellant’s behavior caused her to feel unsafe, so she
placed handcuffs on Appellant.  Payne
further stated that Officer Dan Lair had previously arrived at the scene.  Payne testified that Lair performed a “pat
down” search on Appellant, during which he discovered a medicine bottle filled
with pills and a clear packet containing an off white, crystal like
substance.  Payne stated that the crystal
like substance was later field tested and determined to be methamphetamine. 

            Lair testified as the State’s next
witness.  Lair testified that he also
received a dispatch call related to the burglary of a motor vehicle at the
Silver Creek Apartments on the night in question.  Lair described the Silver Creek Apartments as
commonly having a large number of reports of automobile burglary.  Lair stated that when he arrived at the
scene, Payne was conversing with Appellant, who was wearing handcuffs.  Lair recalled that Appellant’s car was white
with no hubcaps.  Lair further stated
that Appellant was acting “strange” and that he suspected Appellant  was intoxicated because his speech was slow and
slurred.  Lair testified that because
Appellant appeared nervous, he asked Appellant if he could check his pockets.[3]  Lair further testified that Appellant
consented to the search.[4] 
Lair stated that during his search of Appellant’s pockets, he found a
medicine bottle, a plastic bag containing an off white, crystal substance, and
a small plastic bag containing pills. 
Lair further stated that a subsequent field test of the crystal
substance determined that it was methamphetamine.  Lair testified that Payne arrested Appellant
for possession of methamphetamine. 
Following the hearing, the trial court adjourned without ruling on
Appellant’s motion.  

            The trial court ultimately denied
Appellant’s motion to suppress, and the matter proceeded to jury trial.  At trial, the State sought to introduce the
methamphetamine into evidence.  Appellant
objected that the State needed to provide further predicate for the
methamphetamine to be admissible in that the State needed to prove that it was “the
same substance that was taken.”[5] 
The trial court overruled Appellant’s objection and inquired if
Appellant had any further objection. 
Appellant responded, “No, Your Honor.” 
Thereafter, the State rested. 
Appellant moved for an instructed verdict and renewed his motion to
suppress.  The trial court overruled both
motions.  

            Appellant then testified in his
defense.  During his testimony, Appellant
admitted to possession of methamphetamine as charged.  The jury ultimately found Appellant “guilty”
as charged and assessed his punishment at confinement for eighteen months.  The trial court sentenced Appellant
accordingly, and this appeal followed.

 

                                                Suppression of Evidence

            In
his first, second, and third issues, Appellant contends that the trial court
erred in denying his motion to suppress. 
Specifically, Appellant argues that the trial court erred in denying his
motion to suppress because (1) he was stopped without reasonable suspicion, (2)
he was searched without probable cause or reasonable suspicion, and (3) the
search of his person was not justified under the consent exception to the
probable cause requirement. 

Standard of Review

            Our
standard of review of a trial court’s ruling on a motion to suppress is
bifurcated.  See Carmouche v. State,
10 S.W.3d 323, 327 (Tex.
Crim. App. 2000).  We give almost total
deference to the trial court’s determination of historical facts, but we
conduct a de novo review of the trial court’s application of the law to those
facts.  See Carmouche, 10
S.W.3d at 327.  The trial court is the
exclusive finder of fact in a motion to suppress hearing, and as such, it may
choose to believe or disbelieve any or all of any witness’s testimony.  Romero v. State, 800 S.W.2d
539, 543 (Tex. Crim. App. 1990).  Where,
as here, the trial court does not file findings of fact, we view the evidence
in the light most favorable to the trial court’s ruling and assume that the
trial court made implicit findings of fact that support its ruling.  State v. Ross, 32 S.W.3d 853,
855 (Tex.
Crim. App. 2000).

Waiver

            After
a defendant receives an adverse ruling on a motion to suppress, the defendant
is not required to again object to the admission of evidence at trial  in order to preserve the error on appeal. See
Brown v. State, 183 S.W.3d 728, 741 (Tex. App.–Houston [1st Dist.]
2005, pet. ref’d).  However, if a
defendant affirmatively asserts during trial that he has “no objection” to the
previously challenged evidence, he waives any error in its admission despite
any previous pretrial ruling.  See
Swain v. State, 181 S.W.3d 359, 368 (Tex. Crim. App. 2005) (affirmative
acceptance of previously challenged evidence waives any error in its
admission); Jones v. State, 833 S.W.2d 118, 126 (Tex. Crim. App.
1992);  Moraguez v. State,
701 S.W.2d 902, 904 (Tex. Crim. App. 1986).

            During
the trial of the instant case, the State sought to introduce the evidence of
the methamphetamine the officers recovered from Appellant, which Appellant had
previously moved to suppress.  Appellant
objected to the admission of the evidence stating that the evidence needed “further
predicate to be admissible.”  The trial
court requested that Appellant elaborate as to the grounds for his
objection.  Appellant responded, “This is
the same amount, the same substance that was taken.”   The trial court overruled Appellant’s
objection and asked Appellant if he had any other objection to the admission of
the methamphetamine.  Appellant replied, “No,
Your Honor.”  Therefore, since Appellant
affirmatively stated that he had no objection to the admission of the methamphetamine,
we hold that Appellant  waived the error,
if any, of which he now complains on appeal. 
Appellant’s first, second, and third issues are overruled.

 

Disposition

            Having overruled Appellant’s three
issues, we affirm the trial court’s judgment.

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

Opinion delivered January 31,
2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

(DO NOT PUBLISH)











[1] See Tex. Health & Safety Code
Ann. §§ 481.102(6), 481.115(1)(b) (Vernon
2003 & Supp. 2006).





[2] Payne indicates in her testimony that Appellant did not stop his car
immediately.





[3] On cross examination, Lair noted that a person in handcuffs can still
be dangerous.





[4] Lair stated that, at the time of the search, there were three or four
officers on the scene.





[5] The issue of inadequate predicate to admissibility was not raised on
appeal.