Jose G. **MORAGUEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 469–84.

Court of Criminal Appeals of Texas, En Banc.

Jan. 8, 1986.

---

Joseph Licata, Brian W. Wice, of counsel, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and James C. Brough & Glenn Gotschall, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

ONION, Presiding Judge.

Appellant was convicted of possession of cocaine with intent to distribute, in a trial before the court, following his plea of not guilty. Punishment was assessed by the court at five years' imprisonment in the Department of Corrections.

On appeal the appellant in his sole ground of error asserted the trial court erred in overruling his pre-trial motion to suppress evidence because (1) the officers lacked probable cause to justify the warrantless search, (2) the initial stop and detention were illegal, making his consent of no consequence, and (3) he did not voluntarily consent to the search of his luggage and person.

The Houston (14th) Court of Appeals in an unpublished opinion affirmed appellant's conviction. *Moraguez v. State* (No. B14–83–347–CR) (February 16, 1984). We granted appellant's Petition for Discretionary Review in order to determine whether the Court of Appeals erred in finding that appellant failed to preserve any error relating to his pre-trial motion to suppress. That court held that in subsequently entering a stipulation as to the evidence without objection or making the stipulation subjection to his objection to the trial court's ruling on the motion to suppress he failed to preserve error.

The record shows that the appellant's motion to suppress was heard on April 7, 1983. The State offered the testimony of the two arresting officers, and the court then overruled the motion to suppress.

Thereafter on April 28, 1983, the court permitted the State to reduce the charge to possession with intent to deliver cocaine weighing more than 28 grams and less than 200 grams rather than 200 grams or more but less than 400 grams as alleged.[1] The appellant waived trial by jury and entered a not guilty plea before the court.

At trial the record reflects:

---

1. It appears that the appellant was prosecuted under Article 4476–15, Sec. 4.03, V.A.C.S., as amended in 1981. (H.B. 730, Acts 1981, 67th Leg., R.S., ch. 268, p. 696.) H.B. 730 as enacted was declared unconstitutional in *Ex parte Crisp*, 661 S.W.2d 944 (Tex.Cr.App.1983). *Crisp* made clear, however, that if an amendment is declared unconstitutional the original act remained in full force and effect. *Crisp* at p. 948. See *Ex parte Smith*, 678 S.W.2d 78, 79 (Tex.Cr. App.1984). We do not find that appellant has challenged his conviction on this basis. Article 4476–15, Sec. 4.03, supra, has again been amended. (Acts 1983, 68th Leg., ch. 425, eff. Aug. 29, 1983.)

"THE COURT: All right. Do you want to present evidence on the case, counsel?

\*   \*   \*   \*   \*   \*

"MR. MILLIN (Prosecutor): Yes, Your Honor.

"The State would offer State's Exhibit Number 1 in which the defendant has stipulated that the State's witnesses would testify that on January 18, 1983, in Harris County, Texas, he intentionally and knowingly possessed with intent to deliver a controlled substance, namely, cocaine, weighing more than twenty-eight grams and less than two hundred grams by aggregate weight, including any adulterants and dilutants, and furthermore that the chemist would testify that the substance was cocaine.

"MR. LICATA (Defense Counsel): That is our stipulation.

"THE COURT: Is that your stipulation, Mr. Licata?

"MR. LICATA: Yes, Your Honor.

"THE COURT: Is that your stipulation, Mr. Moraguez?

"DEFENDANT: Yes.

"THE COURT: Do you understand now Mr. Moraguez, this stipulation does represent the evidence in this case? Do you understand that?

"DEFENDANT: Yes.

"THE COURT: Was the stipulation freely and voluntarily made by you, Mr. Moraguez?

"Yes."

State's Exhibit No. 1 appears to be a form normally used in guilty plea cases. In it the appellant waived the appearance, confrontation and cross-examination of witnesses and his right of self-incrimination. The form then sets out the charge against the appellant "as amended," which is followed by the statement "I understand the above allegations and stipulate the witnesses would testify that the above allegations were committed on January 18, 1983." This was followed by a consent to oral and written stipulation of evidence in the case and a notation that plea is one of not guilty. The form was signed and sworn to . by the appellant. It was signed by his counsel and the assistant district attorney and approved by the trial judge.

Appellant argues that the Court of Appeals erred in holding that by failing to object to the stipulation or making it subject to the ruling on the motion to suppress he failed to preserve any error in the ruling on the motion to suppress.

■ It is well settled that when a pre-trial motion to suppress evidence is overruled, the defendant need not subsequently object at trial to the same evidence in order to preserve error on appeal. *Ebarb v. State*, 598 S.W.2d 842 (Tex.Cr.App.1980); *Riojas v. State*, 530 S.W.2d 298 (Tex.Cr.App.1975); *Harryman v. State*, 522 S.W.2d 512 (Tex. Cr.App.1975). See also Article 40.-09(6)(d)(3), V.A.C.C.P. However, when the defendant affirmatively asserts during trial he has "no objection" to the admission of the complained of evidence, he waives any error in the admission of the evidence despite the pre-trial ruling. *Harris v. State*, 656 S.W.2d 481 (Tex.Cr.App.1983); *Mayberry v. State*, 532 S.W.2d 80 (Tex.Cr.App. 1976); *McGrew v. State*, 523 S.W.2d 679 (Tex.Cr.App.1975).

Did the appellant fail to preserve error by entering into the stipulation in the instant case?

■ There can be no question but that appellant originally preserved his error by obtaining an adverse ruling on his motion to suppress, and he was not obligated to again object at trial.

This is not a situation where the accused expressly stated "No objection" to the admission of the evidence despite the pre-trial ruling, see Harris v. State, supra, nor is it a situation where the accused gives testimony on direct examination which establishes the same facts as those to which the objection was addressed. *Cameron v. State*, 530 S.W.2d 841 (Tex.Cr.App.1975); *Palmer v. State*, 475 S.W.2d 797 (Tex.Cr.App.1972). See also *Creel v. State*, 493 S.W.2d 814 (Tex.Cr.App.1973); *Moulton v. State*, 486 S.W.2d 334 (Tex.Cr.App.1972). The admission of improper evidence under this latter situation cannot be urged as grounds for

reversal. This is known as the doctrine of "curative admissibility." See and cf. *Thomas v. State*, 572 S.W.2d 507 (Tex.Cr. App.1978).

■ The situation in the instant case is more closely akin to those cases which teach that an erroneous ruling on a motion to suppress will not vitiate a conviction where the evidence sought to be suppressed is not introduced and the conviction is supported by other evidence independently of that contested by the motion to suppress. *Stiggers v. State*, 506 S.W.2d 609, 611 (Tex.Cr.App.1974) (on a plea of not guilty); *Keen v. State*, 626 S.W.2d 309, 314, 315 (Tex.Cr.App.1982).

In the instant case the appellant entered stipulations, both oral and written, which were to constitute the entire evidence before the court on his plea of not guilty. The stipulations were not artfully drafted to say the least. The parties apparently try to alter or "doctor up" a form normally used in guilty plea cases. The appellant was careful, however, to avoid entering a written judicial confession. The stipulations do not amount to that. The stipulations were not that the appellant committed the offense "as charged in the indictment," *Potts v. State*, 571 S.W.2d 180 (Tex.Cr.App. 1978), nor that the allegations of the indictment were "true and correct," *Dinnery v. State*, 592 S.W.2d 343 (Tex.Cr.App.1979). The stipulations read together track the allegations of the indictment and agree that the State's witnesses, unnamed and undesignated in number, would testify the appellant committed the offense as alleged. No reference is made to the testimony at the hearing on the motion to suppress or the officers who testified at such hearing.

The stipulated testimony of the witnesses (unnamed and undesignated) embraced every essential element of the offense charged and manifests the guilt of the appellant. Since the stipulated evidence is not shown to be based on, derived from or in any way tainted by the allegedly constitutionally impermissible arrest, search and seizure, we must conclude it was independently obtained by the witnesses. See and cf. *Brewster v. State*, 606 S.W.2d 325 (Tex. Cr.App.1980).

■ The fruits of the arrest, search and seizure aside, the evidence before the trial court sufficiently sustained the finding of guilt and the judgment of conviction.

The judgment of the Court of Appeals is affirmed.

CLINTON, J., concurs in the result.

TEAGUE, J., dissents.

MILLER, J., not participating.