NO. 07-02-0135-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



MAY 13, 2002


______________________________



$14,700.00 IN U.S. CURRENCY




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 121ST DISTRICT COURT OF TERRY COUNTY;



NO. 15,802; HON. WILLIAM R. SHAVER, PRESIDING


_______________________________



Before BOYD, C.J, QUINN, and REAVIS, J.J.

 Aaron W. Frye (Frye) appeals from a judgment forfeiting $14,700.00 to the State of
Texas. Frye filed a notice of appeal on March 22, 2002. However, Frye did not pay the
$125 filling fee required from appellants pursuant to Texas Rule of Appellate Procedure
5. Nor did he (at the time he noticed his appeal) file an affidavit pursuant to Texas Rule
of Appellate Procedure 20.1 relieving him of his duty to do so. By letter from this Court
dated March 27, 2002 we informed Frye that "[f]ailure to pay the filing fee may result in
dismissal." Tex. R. App. P. 42.3(c); See Holt v. F. F. Enterprises, 990 S.W.2d 756 (Tex.
App.--Amarillo 1998, pet. ref'd.). 

 In apparent response to our March letter, the court received from Frye a document
entitled "Appeallant's Request of Court to Excuse the Late Filing Of Waiver Application" 
and the "Application for Waiver of Court Fees and Costs" wherein he represented that he
was an indigent. Yet, the application was not filed within the deadlines set by Texas Rule
of Appellate Procedure 20.1(c)(1) (establishing the deadline by which one must request
leave to proceed as a pauper) and 20.1(c)(3) (establishing the deadline by which one must
seek leave to extend the deadline contemplated under 20.1(c)(1)). Nor was it
accompanied by any motion for leave to extend either of those deadlines. Thus, we
conclude that appellant's request and application is ineffective to relieve him from his
obligation to pay the aforementioned filing fee. 

 Due to appellant's failure to pay the filing fee, we dismiss the appeal pursuant to
Texas Rule of Appellate Procedure 42.3 (c). 

 

 Per Curiam

 

 

Do not publish. 



 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO.
07-09-0281-CR

NO.
07-09-0282-CR

 

                                                   IN
THE COURT OF APPEALS

 

                                       FOR THE
SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                      PANEL
B

 

                                                           NOVEMBER
2, 2010

 

                                            ______________________________

 

 

                                                             JOHN VANEXCEL,

 

                                                                                                            Appellant

 

                                                                             v.

 

                                                        THE STATE OF TEXAS,

 

                                                                                                            Appellee

                                              _____________________________

 

                       FROM THE 181ST DISTRICT
COURT OF POTTER COUNTY;

 

                     NOS. 46,760-B, 46,761-B;
HON. JOHN B. BOARD, PRESIDING

                                            ______________________________

 

Memorandum Opinion

______________________________

 

Before
QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

            Appellant, John Vanexcel,
appeals his convictions for possession of marijuana (46,760-B) and possession
with intent to deliver cocaine (46,761-B). Through five issues, appellant
contends the trial court abused its discretion in denying his motion to suppress.   We affirm.

 

            In general, when a court overrules a
pretrial motion to suppress evidence, the defendant need not object to the same
evidence in order to preserve the error on appeal.  Brown
v. State, 183 S.W.3d 728, 741 (Tex. App.Houston [1st Dist.] 2005, pet. ref'd) (citing Moraguez v. State,
701 S.W.2d 902, 904 (Tex.Crim.App. 1986)).  However, when a defendant affirmatively
states that he has "no objection" to the admission of the complained
of evidence, the defendant waives any error in the
admission of the evidence.  Brown, 183 S.W.3d at 741; see also Harris v. State, 656 S.W.2d
481, 484 (Tex.Crim.App. 1983) (holding that
appellant's complaint that the trial court erred in overruling his motion to
suppress evidence obtained as a result of illegal seizures was rendered moot
when State offered complained of evidence and defense counsel affirmatively
stated "no objection").  Here,
the record reflects that appellant obtained an adverse ruling on his pretrial
motion to suppress.  However, when the
State offered the offending evidence during the bench trial, appellant's trial
counsel waived any error in the admission of the evidence by affirmatively
stating no objection.  See Brown, 183 S.W.3d
at 741.  Therefore, we overrule
all of appellants issues as an attack on the motion to suppress ruling.

            Accordingly, we affirm the judgments
of the trial court.

 

                                                                                                Per Curiam

 

Do not publish.