**AFFIRMED; Opinion issued July 29, 2002**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-00-01636-CR

**JAMES HENRY BARNETT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 3
Dallas County, Texas
Trial Court Cause No. F00-29503-NJ**

## OPINION

Before Justices Kinkeade, Morris, and Bridges
Opinion By Justice Bridges

James Henry Barnett appeals his indecency with a child conviction. A jury found appellant guilty and sentenced him to fifteen years' confinement. In three points of error, appellant argues the trial court erred in overruling his motion to suppress his written statement, the trial court erred in failing to enter findings of fact required by the code of criminal procedure, and he received ineffective assistance of counsel. We affirm the trial court's judgment.

Because appellant does not challenge the sufficiency of the evidence to support his conviction, only a brief recitation of the facts is necessary. R.E.R., eighteen at the time of trial, testified that appellant put his mouth on her breast when she was about twelve years old. Following

a hearing on appellant's motion to suppress his written statement, the trial court overruled appellant's motion. The jury subsequently convicted appellant of indecency with a child younger than seventeen years old, and this appeal followed.

Following the submission of this case, we abated this appeal and ordered the trial court to file written findings of fact as required by article 38.22 of the Texas code of criminal procedure. *See* TEX. CODE CRIM. PROC. ANN. Art. 38.22 § 6 (Vernon 1979). On June 5, 2002, the trial court filed a supplemental clerk's record containing its findings of fact that appellant's written statement was made voluntarily. Accordingly, we need not further address appellant's second point of error in which he complains the trial court erred in failing to enter findings of fact.

In his first point of error, appellant argues his written statement was involuntarily given, and the trial court erred in failing to suppress the statement. When a pretrial motion to suppress evidence is overruled, the defendant need not subsequently object at trial to the same evidence in order to preserve error on appeal. *Moraguez v. State*, 701 S.W.2d 902, 904 (Tex. Crim. App. 1986). However, when the defendant affirmatively asserts during trial he has "no objection" to the admission of the complained of evidence, he waives any error in the admission of the evidence despite the pretrial ruling. *Id.*; *see McCray v. State*, 861 S.W.2d 405, 409 (Tex. App.–Dallas 1993, no pet.). In this case, when the State offered appellant's written statement into evidence at the guilt-innocence stage of trial, appellant's counsel stated, "No objections." Accordingly, appellant has waived any error in the admission of his written statement. *See Moraguez*, 701 S.W.2d at 904; *McCray*, 861 S.W.2d at 409. We overrule appellant's first point of error.

In his third point of error, appellant argues his trial counsel was ineffective in stating "No objections" and waiving any error in the admission of his written statement. The standards for reviewing ineffective assistance of counsel claims are well established. In brief, it is an appellant's

–2–

burden to show by a preponderance of the evidence that (1) trial counsel's performance was deficient in that it fell below the prevailing professional norms and (2) the deficiency prejudiced the appellant; that is, but for the deficiency, there is a reasonable probability that the result of the proceeding would have been different. *See McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996) (citing *Strickland v. Washington*, 466 U.S. 668 (1980)).

We indulge a strong presumption the defense counsel's conduct falls within the wide range of reasonable, professional assistance, *i.e.*, that the challenged action might be considered sound trial strategy. *See Jackson v. State*, 877 S.W.2d 768, 770-01 (Tex. Crim. App. 1994). To defeat this presumption, "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). In most cases, a silent record which provides no explanation for counsel's actions will not overcome the strong presumption of reasonable assistance. *See id.* at 813-14.

At the motion to suppress hearing in this case, Grand Prairie police detective Allen Frizzell testified that he met with appellant on February 22, 2000. Frizzell read appellant his *Miranda* rights, and appellant said he understood his rights, initialed next to each right, and signed the paper listing his rights. Appellant said he wanted to talk to Frizell and made no indication that he wanted to terminate the interview or ask for a lawyer. Frizzell and appellant discussed appellant's statement orally, and appellant then wrote out his statement that R.E.R. let him "touch her sex area's [sic.] and she asked to touch [appellant's] areas." The trial court ultimately denied appellant's motion to suppress the written statement.

There is nothing in the record to suggest that the trial court, having overruled appellant's motion to suppress appellant's written statement, would have granted appellant's objection to the statement's admission at guilt-innocence. Moreover, stating there were "no objections" to the

admission of the written statement may have been a strategic move to give the appearance that appellant had nothing to hide. Although appellant filed a motion for new trial, he did not raise ineffective assistance of counsel in the motion, nor does it appear from the record that a hearing was ever held on the motion. Thus, as in *Thompson*, the record provides no discernible explanation of the motivation behind counsel's statement he had "no objections," but clearly the actions could have been of strategic design. *See Thompson*, 9 S.W.3d at 812. Consequently, we conclude appellant has not shown that there is a reasonable probability that the result of the proceeding would have been different if appellant's counsel had not stated he had "no objections" to the admission of appellant's written statement. *See McFarland*, 928 S.W.2d at 500. We overrule appellant's third point of error.

We affirm the trial court's judgment.

DAVID L. BRIDGES
JUSTICE

Do Not Publish
Tex. R. App. P. 47
001636F.U05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JAMES HENRY BARNETT, Appellant

No. 05-00-01636-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court No. 3 of Dallas County, Texas. (Tr.Ct.No. F00-29503-NJ).
Opinion delivered by Justice Bridges, Justices Kinkeade and Morris participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered July 29, 2002.

_____
DAVID L. BRIDGES
JUSTICE