NO. 07-03-0014-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 5, 2003

_____

BERNABE G. VALDEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2002-400129; HONORABLE CECIL PURYEAR, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Following a plea of not guilty, a jury convicted appellant Bernabe G. Valdez of the

offense of burglary of a habitation with intent to commit theft, and the court, finding the five

enhancement paragraphs included in the indictment to be true, sentenced him to 75 years

confinement. Presenting two points of error, appellant requests we reverse his conviction and remand the case for a new trial. By his first point, appellant contends the trial court erred in failing to grant his "request to suppress evidence obtained in violation of the proper scope of an investigative detention." With his second point appellant alleges "the trial court erred in failing to contemporaneously provide a limiting instruction to the jury regarding the proper use of [his] prior convictions which were admitted into evidence." Based upon the rationale set out below, we affirm.

On the evening of May 30, 2002, the complainant heard a knock at his front door, and, upon opening it, observed appellant, who explained his car had broken down and asked if he could have some water from the outside faucet. The complainant consented, directed appellant to the hose, and returned to his house. A few minutes later, appellant knocked on the door and asked if he could obtain more water from the hose. Sometime later, appellant knocked on the door a third time and requested to use the complainant's phone because his car still would not start. The complainant retrieved a cordless phone from his house and handed it to appellant, who purportedly called a relative to pick him up. Appellant made one more phone call, then asked if he could have a cup to procure more water from the hose. The complainant left appellant standing on the porch and walked to the kitchen to retrieve a cup. As he was removing the cup from the cabinet, the complainant heard the screen door shut. He turned around and discovered that appellant had disappeared, along with the cordless phone and the complainant's wallet, which had been sitting on the coffee table.

2

On June 6, 2002, Kirk Hawkins, an officer with the Lubbock Police Department, made contact with appellant on an unrelated matter. When Hawkins requested some form of identification from him, appellant presented a birth certificate. For officer safety, Hawkins then conducted a pat-down search of appellant and discovered the complainant's driver's license in appellant's back pocket. After running the license through the law enforcement database, Hawkins learned the complainant had been the victim of a burglary a week earlier. Because appellant matched the description of the burglary suspect provided by the complainant, Hawkins contacted the complainant and requested he review a photo spread. After viewing the photo spread for "just a couple of seconds," the complainant identified appellant as the man who had been at his home the week before.

At trial, appellant admitted he acquired water from the complainant's faucet and used his phone to place a call; however, he denied removing the phone and wallet from the complainant's house. Rather, he claimed he came across the complainant's driver's license in a friend's motel room. Recognizing the person depicted on the license as the individual who had helped him a few days before, appellant maintained he took the license with the intent to return it to the complainant. He asserted, however, that he could not remember where the complainant lived, and the address listed on the license was in San Antonio. Thus, according to appellant, he had been unsuccessful in returning the license to its owner.

With his first point of error, appellant challenges the trial court's denial of his motion to suppress the complainant's driver's license, which he contends was obtained in violation of the edicts of Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Appellant did not file a written pretrial motion to suppress evidence. However, in a hearing outside the presence of the jury before the State began its case, the court entertained the testimony of Hawkins regarding his investigative detention of appellant on June 6, 2002. Following the testimony, appellant urged the court to suppress any testimony or evidence relating to the complainant's driver's license. Appellant argued that Hawkins exceeded the scope of the investigative detention, a *Terry* stop, when he removed the driver's license from appellant's back pocket. As a result, appellant continued, any subsequent evidence, including statements by appellant, should be suppressed as fruit of the poisonous tree. The trial court denied his motion to suppress the driver's license, but granted it "as to the manner in which the driver's license was obtained." Appellant then requested, and the trial court granted him, a running objection to any line of questioning regarding the driver's license. At trial, however, when the State offered the complainant's driver's license into evidence, appellant announced, "We have no objection, Your Honor." The license was then admitted into evidence.

It is well settled that when a pretrial motion to suppress evidence is overruled, the defendant need not subsequently object at trial to the same evidence in order to preserve error on appeal. Moraguez v. State, 701 S.W.2d 902, 904 (Tex.Cr.App. 1986). However, if at trial the defendant states he has "no objection" when the evidence is offered, he waives

4

his admissibility complaint. Welch v. State, 993 S.W.2d 690, 694 (Tex.App.–San Antonio 1999, no pet.); *but cf*. Taylor v. State, 82 S.W.3d 134, 137 (Tex.App.–San Antonio 2002, no pet.) (stating "no *further* objections" impliedly references the pretrial motion to suppress and, thus, does not waive error). Here, in spite of the running objections he requested and received at the pretrial hearing, appellant expressly announced he had no objection to the admission of the driver's license when it was offered by the State at trial. As a result, he has presented nothing for our review. Appellant's first point of error is overruled.

By his second point, appellant claims the trial court failed to instruct the jury, simultaneous to the admission of the prior convictions, on the limited purpose for which the convictions were admitted. We disagree. Outside the presence of the jury, appellant objected to the admission of the prior convictions on the basis of remoteness. Appellant requested, in the alternative, that the jury be provided with a contemporaneous limiting instruction when the convictions were admitted. The court overruled both objections. When the State attempted to impeach appellant, in the jury's presence, with evidence of his prior convictions for five felonies and one misdemeanor theft, appellant again objected to their admission and, alternatively, requested a contemporaneous limiting instruction. The court overruled the objection and announced it would deliver that instruction in the court's charge instead. The court then told the jury:

> With regard to the request for a contemporaneous instruction to the jury, the
> jury will be instructed in the Charge by the Court that these matters are being

5

used for the purpose of impeachment only of the – and for the determination of the credibility of the witness at this time.

Thus, while the court purported to overrule appellant's objection, it, nonetheless, instructed the jury on the limited purpose for which the jury could consider appellant's prior convictions. Thus, appellant received all that he requested, and cannot be heard to complain on appeal.

Assuming, *arguendo*, the trial court failed to provide a contemporaneous limiting instruction, we conclude that error, if any, did not affect appellant's substantial rights because it had no substantial or injurious effect or influence in determining the jury's verdict. *See* Tex. R. App. P. 44.2(b); *see also* King v. State, 953 S.W.2d 266, 271 (Tex.Cr.App. 1997). The prior convictions were introduced through appellant, the last witness to testify on the last day of trial. Then, following a short conference outside the presence of the jury, the trial court charged the jury on the law applicable to the case, including the limited purpose for which the jury could consider appellant's prior convictions. Given the short amount of time that passed from the introduction of the prior convictions to the trial court's reading of the instructions to the jury, we conclude the trial court's error, if any, did not affect a substantial right. Lemmons v. State, 75 S.W.3d 513, 525 (Tex.App.–San Antonio 2002, pet. ref'd). Appellant's second point of error is overruled.

Accordingly the judgment of the trial court is affirmed.

6

Don H. Reavis
Justice

Do not publish.