NO. 07-06-0152-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

FEBRUARY 16, 2007

_____

BRUCE GLENN GIBSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 21ST DISTRICT COURT OF BASTROP COUNTY;

NO. 11,849; HONORABLE JOHN L. PLACKE, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Following a plea of not guilty, appellant Bruce Glenn Gibson was convicted of sexual assault and sentenced to eight and a half years confinement. By four issues, he contends the trial court erred by (1) admitting his videotaped statement into evidence when the State failed to provide him with a copy of the statement at least twenty days prior to trial, (2)

admitting his oral statements into evidence that were not electronically recorded, (3) admitting his videotaped statement into evidence when he did not knowingly, intelligently, and voluntarily waive his rights, and (4) submitting an erroneous application paragraph in the jury charge. We affirm.

Appellant was indicted on two counts of aggravated sexual assault of a child after the sixteen-year-old victim alleged he repeatedly forced her to engage in various sex acts while threatening her with a gun. The victim alleged the assault occurred in appellant's bedroom at a house where he lived with his mother. Appellant was arrested, and pursuant to a search warrant, investigators collected several items from appellant's bedroom which were submitted to a crime lab for analysis; however, no biological evidence was obtained. Investigators also failed to locate any evidence pertaining to appellant's use of a gun. Following the search, Officer Greg Stewart and Detective Lonny Richardson questioned appellant on videotape at the Smithville Police Department. During the interrogation, appellant refused counsel and made various statements that were admitted into evidence at his jury trial. At the conclusion of trial, the jury convicted appellant of the lesser included offense of sexual assault.

We begin by addressing appellant's first and third issues, by which he contends the trial court erred in admitting his videotaped statement into evidence. Prior to trial, appellant's counsel filed a motion to suppress any statements appellant made in the presence of law enforcement officers. Citing article 38.22 of the Code of Criminal

Procedure, the motion alleged, among other things, that appellant did not "knowingly, intelligently, and voluntarily" waive his rights prior to making the videotaped statement and the State failed to furnish him with a copy of his statement twenty days prior to trial.[1] Following a brief hearing, the trial court denied appellant's motion.

At trial, the State moved to admit the videotape of appellant's interrogation into evidence through Officer Stewart. Without inquiry from the trial court, counsel for appellant immediately replied, "No objection, Your Honor"; whereupon the court received the videotape into evidence. The State then proceeded to ask Officer Stewart several questions concerning the interrogation. When the State requested permission to publish

---

[1]Sec. 3. (a) No oral or sign language statement of an accused made as a result of custodial interrogation shall be admissible against the accused in a criminal proceeding unless:

(1) an electronic recording, which may include motion picture, video tape, or other visual recording, is made of the statement;

(2) prior to the statement but during the recording the accused is given the warning in Subsection (a) of Section 2 above and the accused knowingly, intelligently, and voluntarily waives any rights set out in the warning;

(3) the recording device was capable of making an accurate recording, the operator was competent, and the recording is accurate and has not been altered;

(4) all voices on the recording are identified; and

(5) not later than the 20th day before the date of the proceeding, the attorney representing the defendant is provided with a true, complete, and accurate copy of all recordings of the defendant made under this article.

Tex. Code Crim. Proc. Ann. art. 38.22, § 3 (Vernon 2005).

the videotape to the jury, appellant's counsel objected that it should not be published because appellant's statements were not voluntary and he never intelligently or knowingly waived his statutory rights.[2]  The court noted counsel's objection and allowed the jury to view the videotape.

When a pretrial motion to suppress evidence is overruled, a defendant need not subsequently object at trial to the same evidence in order to preserve error for appeal. *Moraguez v. State*, 701 S.W.2d 902, 904 (Tex.Crim.App 1986).  However, if the defendant affirmatively states he has "no objection" to the admission of the evidence at trial, he waives his right to complain of the error on appeal despite the pretrial ruling.  *Id.*; *Strauss v. State*, 121 S.W.3d 486, 490 (Tex.App.–Amarillo 2003, pet. ref'd).

Here, although counsel objected to the publication of the videotape, he did so after he expressly stated that he had "no objection" to the admission of the videotape into evidence.  Without a limiting instruction, the videotape was in evidence and could be used for all purposes.  *See Hammock v. State*, 46 S.W.3d 889, 892 (Tex.Crim.App. 2001).  Consequently, appellant is precluded from challenging on appeal either its admission or publication.  *See Strauss*, 121 S.W.3d at 490.  Appellant's issues one and three present nothing for review and are overruled.

---

[2]Counsel did not renew his complaint in the motion to suppress that the State failed to furnish him with a copy of the videotape prior to trial.

By his second issue, appellant alleges that certain testimony provided by Detective Richardson contained oral statements made by appellant which were inadmissible because the statements were not recorded. Describing a conversation that he had with appellant in the vestibule after leaving the interrogation room, Detective Richardson said:

> I continued to tape the conversation using my pocket recorder. On the way to the jail Gibson kept repeating how [the victim] came onto him. While I was alone in the vestibule with Gibson he told me that he did have sexual intercourse and anal intercourse with [the victim] and that she did perform oral sex on him. Gibson was unsure as to how many times. The pocket recorder had used up the available time and did not record the last part of the conversation.

Richardson provided this testimony by reading from his offense report after appellant's counsel questioned him on cross-examination regarding a reference in the report that he had used a pocket recorder to record appellant's interrogation. Richardson acknowledged that he used the pocket recorder but testified there was nothing on the recorder that was "different or in addition to" the statements on the videotape shown to the jury. In response to the questioning, the State pleaded that, under Rules of Evidence 106 and 107, Richardson should also be allowed to testify to other matters in the offense report. Specifically, the State sought to introduce appellant's statements in the offense report that were not recorded. Appellant's counsel objected to the request claiming that the rule of optional completeness was not applicable and that the statements had to be recorded to be admissible. Despite counsel's objections, the trial court permitted the jury

to hear the testimony. After reading the statements into evidence, Richardson confirmed that they were not captured on videotape or by the pocket recorder.

Article 38.22 precludes the admission of oral statements by the accused, made in response to custodial interrogation, that are not electronically or visually recorded. Tex. Code Crim. Proc. Ann. art. 38.22, § 3(a)(1) (Vernon 2005). Without deciding whether the statements in question were made in response to custodial interrogation, we agree with the State's contention that any error by the trial court was harmless because the same evidence was already before the jury in the form of appellant's videotaped statement.

An error that is not of constitutional dimension at trial is harmless and will be disregarded if the error did not affect the substantial rights of the defendant. Tex. R. App. P. 44.2(b); *King v. State*, 953 S.W.2d 266, 271 (Tex.Crim.App. 1997). The erroneous admission of evidence does not affect a substantial right "if the appellate court, after examining the record as a whole, has fair assurance that the error did not influence the jury, or had but a slight effect." *Johnson v. State*, 967 S.W.2d 410, 417 (Tex.Crim.App. 1998).

Here, the videotape corroborates the State's contention that the substance of appellant's statements to Richardson in the vestibule was the same as the substance of statements on videotape. While appellant never admitted on videotape to engaging in anal sex, he repeatedly states that the victim came on to him and that he engaged in oral and vaginal sex with the victim. Appellant admitted on videotape to having sexual contact with

6

the victim.  Therefore, we hold that any error in the admission of the same evidence through Richardson's testimony was harmless.  *See* Tex. R. App. P. 44.2(b).  Appellant's second point is overruled.

By his fourth issue, appellant alleges the jury charge was erroneous because the paragraph in the charge pertaining to the lesser included offense of sexual assault was titled "Application paragraph-Lesser included offense."  Appellant claims that, because this paragraph was the only paragraph in the charge that was preceded by a title, the trial court impermissibly instructed the jury how to "decide appellant's fate."  Appellant concedes that trial counsel did not make a specific objection to the charge on the record.

When an error has not been preserved by a timely objection, we must find "egregious harm" to sustain a reversal.  *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App. 1984).  *Almanza* defines egregious harm as errors which affect "the very basis of the case," deprive the defendant of a "valuable right," or "vitally affect a defensive theory."  *Id.* at 172 (citations omitted); *Hutch v. State*, 922 S.W.2d 166, 171 (Tex.Crim.App. 1996).  The degree of harm may be determined in light of the entire jury charge, the state of the evidence, including the contested issues and the weight of the probative evidence, the arguments of counsel, and any other relevant information in the record. *Almanza*, 686 S.W.2d at 171.

Here, appellant does not allege the court's charge is lacking in substance or that it contains a substantive misstatement of law.[3]  Moreover, he offers no support for his contention that the paragraph title caused the jury to disregard the remaining paragraphs in the charge.  We generally assume that the jury follows the trial court's instructions as given, and will not reverse in the absence of evidence that the jury was actually confused by the charge.  *Williams v. State*, 937 S.W.2d 479, 490 (Tex.Crim.App. 1996).  Thus, we are not persuaded that the inclusion of the title in the charge caused egregious harm to appellant such as that contemplated in *Almanza*.  Appellant's fourth issue is overruled.

Accordingly, the trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.

---

[3]Nor does he explain how he was harmed by the jury's decision to find him guilty of the lesser included offense.