In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00240-CR


______________________________




FRANCISCO MENDOZA BARRON, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 188th Judicial District Court


Gregg County, Texas


Trial Court No. 34826-A




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Francisco Mendoza Barron's car was stopped by officers who saw it swerving on the road. 
While Barron was being questioned by the officers and being asked to perform various tests for
intoxication, but before he was arrested, Barron asked twice for an attorney. The entire encounter
was videotaped. In a single issue on appeal, (1) Barron contends the trial court erred in allowing the
jury to hear the audio portions of the videotape where he requested counsel. Because the alleged
error was not preserved for our review, we affirm the trial court's judgment.

 The disputed videotape was made at the scene of the arrest from a camera inside the police
car. This in-car camera recorded both the field-sobriety testing and the eventual arrest. It shows
Barron refusing to perform certain field-sobriety tests. It also shows Barron resisting arrest and, after
being secured inside the patrol car, kicking the in-car camera. At two different times, Barron
mentioned an attorney. The first time, while doing the walk-and-turn tests, Barron asked if he could
talk to his lawyer, and several minutes later, he unequivocally stated, "I want a lawyer." He had not
been formally arrested at either time.

 At the pretrial hearing on his motion to restrict the videotape, the parties described the
contents of the videotape to the trial court. The State conceded that Barron "was attempting to
invoke his right to counsel." The court granted Barron's motion to suppress in part, ruling that the
audio portion of the videotape would be muted after the invocation of counsel. 

 On the morning of trial, after voir dire had been completed and the jury selected, the State
asked the court to reconsider its earlier ruling. The parties again described the events on the
videotape, focusing on the differences in the invocations of counsel. (2) The court ruled that the
videotape would not be muted on the first mention of counsel, or during Barron's later unequivocal
request for counsel. The court ruled that the audio would be muted immediately following the
unequivocal request for counsel until Barron was placed inside the patrol car, at which point the
audio would be restored.

 Before a matter is preserved for our review, it must be presented to the trial court. Tex. R.
App. P. 33.1. This matter was initially presented to the trial court in a pretrial hearing. It is well
settled that, when a pretrial motion to suppress evidence is overruled, the defendant need not
subsequently object at trial to the same evidence in order to preserve error on appeal. Moraguez v.
State, 701 S.W.2d 902, 904 (Tex. Crim. App. 1986); Brown v. State, 183 S.W.3d 728, 741 (Tex.
App.--Houston [1st Dist.] 2005, pet. ref'd).

 The problem with preservation of error, here, is that, when the videotape was introduced and
then played to the jury, Barron's counsel affirmatively stated that he had no objection to its
admission. When a defendant affirmatively asserts during trial he or she has "no objection" to the
admission of the complained-of evidence, any error in the admission of the evidence is waived,
despite any pretrial ruling. Moraguez, 701 S.W.2d at 904; accord Tex. Dep't of Transp. v. Pate, 170
S.W.3d 840, 850 (Tex. App.--Texarkana 2005, pet. denied); Sands v. State, 64 S.W.3d 488, 491
(Tex. App.--Texarkana 2001, no pet.).

 Because the complained-of matter has not been preserved for our review, we overrule the sole
contention of error.

 We affirm the judgment of the trial court.



 Josh R. Morriss, III

 Chief Justice


Date Submitted: August 8, 2007

Date Decided: January 24, 2008


Do Not Publish
1. A jury convicted Barron of driving while intoxicated (DWI), third offense, a third-degree
felony. See Tex. Penal Code Ann. § 49.04 (Vernon 2003), § 49.09(b) (Vernon Supp. 2007). The
jury assessed punishment at five years' confinement and a fine of $3,000.00. 
2. The State disputed that the earliest mention of counsel was an unequivocal request for
counsel. See Davis v. United States, 512 U.S. 452, 459 (1994); Smith v. State, 779 S.W.2d 417,
425-26 (Tex. Crim. App. 1989). The State conceded that at least one of Barron's statements
constituted an unequivocal request for counsel.