# NO. 12-08-00088-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RAYMOND WINGFIELD,*<br>*APPELLANT* | § | *APPEAL FROM THE 349TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

A jury found Appellant Raymond Wingfield guilty on two counts of aggravated assault on a public servant, one count of aggravated assault, and one count of attempted escape. The jury assessed his punishment at imprisonment for forty years and a $4,000.00 fine for each of the aggravated assaults on a public servant, and twenty-five years and a $1,000.00 fine for the other two offenses. In one issue, Appellant complains that the trial court erred in admitting into evidence State's Exhibit 36, a weapon alleged to have been used in the assaults. We affirm.

### BACKGROUND

The State's evidence shows that Appellant and Dalton Collins attempted to escape from the Eastham Unit of the Texas Department of Corrections. Collins took the leading role in the attempt, viciously beating two corrections officers and an inmate who tried to help one of the officers. Collins's weapon was a makeshift billy club fashioned from a steel pipe plug tied in a prison apron (State's Exhibit 36). There is evidence that Appellant never wielded the weapon that fractured the skulls of the two officers and seriously injured the inmate who tried to intervene. The record shows, however, that Appellant aided Collins by helping to tie up the officers and the inmates who witnessed the assault, and by dragging them to a place of concealment. Appellant also had possession of the keys and uniform taken from one of the fallen officers.

During the attempt, one of the officers slipped his bindings, barricaded himself in an adjacent office, and placed a telephone call for help. The plot collapsed when a large force of law enforcement personnel appeared.

## ERROR IN THE ADMISSION OF EVIDENCE

In the sole issue presented, Appellant contends that the trial court erred in admitting State's Exhibit 36, the weapon used in the assaults.

## Standard of Review and Applicable Law

A trial court's evidentiary rulings are reviewed by an abuse of discretion standard. *Smith v. State*, 683 S.W.2d 393, 404 (Tex. Crim. App. 1984).

The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims. TEX. R. EVID. 901(a). The proof necessary to satisfy the rule differs depending on the nature of the item. *Hartsfield v. State*, 200 S.W.3d 813, 817 (Tex. Civ. App.–Texarkana 2006, pet. ref'd).

> Articles that are easily identifiable and are substantially unchanged normally do not require the introduction of a chain of custody. If the item had distinct or unique characteristics, a witness may authenticate it by testifying that he or she has previously seen the item at the relevant time and place and that the witness recognizes it by its distinctive characteristics. However, if the article of evidence has no distinctive features or is fungible, the item must be proven by showing a chain of custody, typically from the scene of the crime to the courtroom. Authentication of such an article may be accomplished by marking the item and identifying it at trial as the same, so long as there is no evidence of tampering or alteration. The chain of custody is conclusively proven if the officer is able to identify that he or she seized the item of physical evidence, put an identification mark on it, placed it in the property room, and then retrieved the item being offered on the day of trial. Generally, when the evidence sought to be admitted may be distinguished only via scientific testing, then a chain of custody must be demonstrated. Any gaps in the chain of custody go to the weight of the evidence, not admissibility; however, proof should be shown as to the beginning and end of the chain.

*Id.* at 817-18 (citations omitted).

In order to preserve error complaining of the trial court's ruling admitting evidence, a timely request, objection, or motion must be made to the trial court stating the specific ground for the ruling sought. *See* TEX. R. APP. P. 33.1(a). A defendant who states "no objection" to evidence when it is offered waives his right to complain on appeal that the evidence was erroneously admitted. *Moraguez v. State*, 701 S.W.2d 902, 904 (Tex. Crim. App. 1986).

2

**Discussion**

When the State first offered an analysis of blood samples retrieved from the homemade blackjack (State's Exhibit 36), Appellant stated, "I am going to object to any analysis of these items. I have not heard any predicate that these items are even relevant to this case." The trial court sustained the objection. The State did not attempt to offer Exhibit 36 at that time.

Later in the trial, James Thompson, a criminal investigator with the Texas Department of Criminal Justice, told the court that he found Exhibit 36 on the floor near the scene of the assaults, and that he sealed it and sent it to the DPS lab. He told the court that it was sealed when returned, and that he had kept it under his control ever since. The State then offered the exhibit, and Appellant's trial counsel responded, "No objection."

A defendant who states "no objection" when evidence is offered at trial waives his right to complain on appeal that the evidence was erroneously admitted. *Moraguez*, 701 S.W.2d at 904.

Moreover, we conclude that an objection to the introduction of the evidence would have been futile. It was clearly relevant as the weapon used in the assault. Exhibit 36 was an apron wrapped around a two pound pipe plug. It was unique, easily identifiable, and it had remained substantially unchanged since Thompson discovered it in the area where the assaults took place. It was not an item for which a chain of custody must normally be shown. *See Hartsfield*, 200 S.W.3d at 817. Thompson identified the item and established the beginning and the end of the chain of custody. Therefore, if proof of the chain of custody was required, Officer Thompson's testimony was sufficient. *See id.* at 818.

Appellant's sole issue is overruled.

**DISPOSITION**

The judgment of the trial court is *affirmed*.

        **BILL BASS**
        Justice

Opinion delivered April 15, 2009.
*Panel consisted of Griffith, J., Hoyle, J., and Bass, Retired Justice,*
*Twelfth Court of Appeals, Tyler, sitting by assignment.*

(DO NOT PUBLISH)

3