Affirmed and Memorandum Opinion filed January 7, 2010.

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-08-00869-CR

___________________

 

WILLIE JONES, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee



 



 

On
Appeal from the 184th District Court

Harris County,
Texas



Trial Court Cause No. 1165388

 



 

 

MEMORANDUM OPINION

            Appellant Willie Jones appeals his conviction for
possession of cocaine challenging the trial court’s ruling on his motion to
suppress.  We affirm.

I.  Background

            Shortly
before midnight on May 2, 2008, Officer Matthew Rippey and his partner
conducted a traffic stop on a vehicle that had defective brake lamps.  The
driver stopped in a parking lot and appellant, who was a passenger in the
vehicle, jumped out of the car and fled.  Officer Rippey told appellant to stop
and return to the vehicle, but appellant ignored him.  Appellant jumped several
fences in a residential area until he finally stopped in a back yard.  When he
stopped, the officers ordered appellant to remove his hands from his pockets. 
After repeated requests, appellant removed his hands from his pockets, and, as
he did so, threw a crack pipe to the ground.  After restraining appellant, the
officers searched the yard and found the crack pipe.

            At
trial, appellant sought to have the crack pipe suppressed on the grounds that
appellant did not commit an offense in the officers’ presence and, as a
passenger in the vehicle, was entitled to walk away from the traffic stop.  The
trial court held a hearing outside the presence of the jury at which Officer
Rippey testified that he requested that appellant return to the vehicle for his
and his partner’s safety.  The trial court denied appellant’s motion to
suppress the crack pipe.  Following the trial court’s ruling, appellant
objected to the Officer Rippey’s “continued testimony . . . on the basis of
what we went over in the hearing outside the presence of the jury[.]”

            During
Officer Rippey’s testimony before the jury, the State introduced the crack pipe
into evidence.  Appellant objected to its admission on the grounds that no
chain of custody had been established.  The trial court neither ruled on
appellant’s objection, nor admitted the crack pipe into evidence at that time. 
During the chemist’s testimony, the State again introduced the crack pipe into
evidence as State’s Exhibit 1.  At that time, appellant’s counsel affirmatively
stated, “No objection to State’s 1, Your Honor.”  Therefore, the crack pipe was
admitted into evidence without objection.

            On
appeal, appellant raises two issues in which he asserts the trial court erred
in denying his motion to suppress because (1) the crack pipe was discovered as
the result of an illegal warrantless arrest, and (2) he was illegally detained
after the traffic stop.

II.  Standard of Review

            The
appropriate standard of review for a suppression ruling is a bifurcated review,
giving almost total deference to the trial court’s findings of fact, but
conducting a de novo review of its application of law to those facts.  Maxwell
v. State, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002).  The denial of a
motion to suppress should be upheld if the ruling is reasonably supported by
the record and correct on any theory of the law applicable to the case.  Laney
v. State, 117 S.W.3d 854, 857 (Tex. Crim. App. 2003).  

III.  Discussion

            Initially,
the State asserts that appellant failed to preserve error by affirmatively
stating he had no objection to the admission of State’s Exhibit 1.  When a
pretrial motion to suppress evidence is overruled, the defendant need not
object at trial to the same evidence in order to preserve error on appeal.  Moraguez
v. State, 701 S.W.2d 902, 904 (Tex. Crim. App. 1986).  However, when the
defendant affirmatively asserts during trial that he has “no objection” to the
admission of the complained-of evidence, he waives any error in the admission
of the evidence despite the pretrial ruling.  Swain v. State, 181 S.W.3d
359, 368 (Tex. Crim. App. 2005).

            Here,
defense counsel sought to preserve error by requesting a hearing outside the
presence of the jury at the beginning of trial.  He further requested a
continued objection to the officer’s testimony about the crack pipe.  The crack
pipe, however, was not admitted during the officer’s testimony, but was
admitted during the chemist’s testimony after defense counsel affirmatively
stated he had no objection to the evidence.  Further, courts have held that
even if defense counsel files a motion to suppress and requests a running
objection, error may still be waived by an affirmative statement of “no
objection” when the evidence is introduced.  See Valdez v. State, No.
07-03-0014-CR, 2003 WL 22069532 (Tex. App.—Amarillo 2003, no pet.) (memo. op.);
Wilson v. State, No. 08-01-00319-CR, 2003 WL 1564237 (Tex. App.—El Paso
2003, no pet.) (memo. op.).  Other courts have found an exception to this rule,
however, when the trial court expressly states on the record that it considers
the issue to be preserved for appeal.  See Shedden v. State, 268 S.W.3d
717, 730 (Tex. App.—Corpus Christi 2008, pet. ref’d) (holding that affirmative
statement of “no objection” by counsel did not waive error where motion to
suppress was denied, running objection was obtained, and trial court “expressly
represented to [appellant’s] counsel that it considered the suppression issue
preserved for appeal”); Bouyer v. State, 264 S.W.3d 265, 268 (Tex. App.—San
Antonio 2008, no pet.) (holding that despite statement of “no objection” to
evidence sought to be suppressed, error was not waived because “the trial court
clearly did not construe [appellant’s] ‘no objection’ as a waiver of his motion
to suppress”).  The record in this case does not reflect any indication by the
trial court that it considered the suppression issue preserved for appeal in
spite of defense counsel’s assertion of “no objection.”  Therefore, the limited
exception to the waiver rule does not apply.  Because appellant failed to
preserve error with regard to suppression of the crack pipe, we overrule his two
issues.

            The
judgment of the trial court is affirmed.

                                                                                    PER
CURIAM

 

 

 

Panel consists of Justices
Yates, Seymore, and Brown.

Do
Not Publish — Tex. R. App. P. 47.2(b).