NO. 07-12-0223-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 9, 2013

_____

JOSE FIGUEROA MESTA,

Appellant

V.

THE STATE OF TEXAS,

Appellee
_____

FROM THE COUNTY COURT AT LAW OF MOORE COUNTY;

NO. 25055; HON. DELWIN MCGEE, PRESIDING
_____

***MEMORANDUM OPINION***
_____

Before QUINN, C.J. and CAMPBELL and HANCOCK, JJ.

Jose Figueroa Mesta (appellant) appeals his conviction for possession of marijuana. Through two issues, appellant contends that the trial court erred by denying his motion to suppress. We affirm.

Appellant contends the trial court should have granted his motion to suppress based on the fact that the officer "exceeded the scope of the stop for speeding without

developing reasonable suspicion of additional criminal activity." We find the issues waived.

It is clear that to preserve error one must contemporaneously inform the trial court not only of the objectionable matter but also of the specific grounds underlying the objection. *Cisneros v. State*, 692 S.W.2d 78, 83 (Tex. Crim. App. 1985); *Strauss v. State,* 121 S.W.3d 486, 490 (Tex. App.–Amarillo 2003, pet. ref'd). Similarly clear is that an objection can be waived. For instance, if one moves to suppress evidence and the motion is denied, uttering the phrase "no objection" when the evidence is tendered at trial results in the loss of appellant's complaint *viz* the motion to suppress. *Moraguez v. State*, 701 S.W.2d 902, 904 (Tex. Crim. App. 1986) (en banc); *Strauss*, 692 S.W.3d at 490.

Here, when the State proffered the videotape into evidence at trial, appellant, via his counsel, stated that he had no objection. Thereafter, the tape was played for the jury. It depicted 1) appellant being searched by the officer and removing objects from his pockets, 2) the officer handcuffing appellant while asking him what he did with the baggie of "dope," and 3) appellant stating that he threw it away. At that point, both he and the officer go off camera looking for the baggie. Then appellant is heard stating that he had placed the baggie down his pants and that it only contained a "nugget." Eventually, the baggie of marijuana was found sitting in the back floorboard of the officer's car. When the baggie containing the marijuana was offered into evidence at trial as State's Exhibit 5 along with the chemist's report as State's Exhibit 6, appellant, through his attorney, again stated "no objection." Given these circumstances, any complaint about the legitimacy of the search was waived.

Accordingly, we affirm the judgment of the trial court.


Brian Quinn
Chief Justice


Do not publish.