

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00195-CR

| | | |
|---|---|---|
| Allen James Chiles | § | From the 432nd District Court |
| | § | of Tarrant County (1206769D) |
| v. | § | February 28, 2013 |
| | § | Opinion by Justice Dauphinot |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's judgment. It is ordered that the judgment of the trial court is affirmed.

SECOND DISTRICT COURT OF APPEALS

By_____
Justice Lee Ann Dauphinot



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00195-CR

ALLEN JAMES CHILES                                                      APPELLANT

V.

THE STATE OF TEXAS                                                            STATE

----------

## FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY

----------

## **MEMORANDUM OPINION**[1]

----------

Appellant Allen James Chiles challenges the admission of his custodial statement because there was no affirmative waiver of his constitutional rights included in the *Miranda* warnings.[2] When a pretrial motion to suppress is denied, as in the case now before this court, the accused is not required to object at trial

---

[1]*See* Tex. R. App. P. 47.4.

[2]*Miranda v. Arizona*, 384 U.S. 436, 475, 86 S. Ct. 1602, 1628 (1966).

to the admission of the evidence he sought to suppress.[3]  When, however, he affirmatively states during trial that he has "no objection" to the admission of the complained-of evidence, as did Appellant, he forfeits any error in the admission of the evidence at trial, despite any error in the pretrial ruling.[4]  Consequently, Appellant presents nothing for review.  We overrule his sole point and affirm the trial court's judgment.

LEE ANN DAUPHINOT
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and MCCOY, JJ.

LIVINGSTON, C.J., concurs without opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  February 28, 2013

---

[3]*Moraguez v. State*, 701 S.W.2d 902, 904 (Tex. Crim. App. 1986).

[4]*See id.*