In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-12-00065-CR
_____

STEPHEN ANDREW DUKE, Appellant

V.

THE STATE OF TEXAS, Appellee

**On Appeal from the 128th District Court**
**Orange County, Texas**
**Trial Cause No. A-110343-R**

**MEMORANDUM OPINION**

In a single issue, appellant, Stephen Andrew Duke, appeals his conviction for sexual performance by a child and promotion of child pornography. Duke argues the trial court committed reversible error by denying his motion to suppress evidence. We affirm the judgment of the trial court.

Duke was convicted of one count of sexual performance by a child and two counts of child pornography. *See* Tex. Penal Code Ann. §§ 43.25, 43.26 (West

2011 & Supp. 2012). Duke was sentenced to thirty-five years of confinement for sexual performance by a child and to twenty years confinement on each count of promotion of child pornography, the sentences to run concurrently. In his sole issue on appeal, Duke argues the trial court erred in denying his motion to suppress and admitting a written statement he gave investigating officers. The trial court held a separate hearing on his motion to suppress where the statement was the subject of the hearing. At the conclusion of the hearing, the trial court denied the motion. When the State offered the statement into evidence during the trial, Duke's counsel affirmatively stated that he had "[n]o objection" to the admission of the statement.

When the trial court overrules a pretrial motion to suppress evidence, a defendant is not required to subsequently object at trial to the same evidence in order to preserve error. *Moraguez v. State*, 701 S.W.2d 902, 904 (Tex. Crim. App. 1986); *Klapesky v. State*, 256 S.W.3d 442, 449 (Tex. App.—Austin 2008, pet. ref'd). However, when a defendant affirmatively asserts during trial that he has "no objection" to the admission of the complained-of evidence, he waives any error in the admission of such evidence. *Swain v. State*, 181 S.W.3d 359, 368 (Tex. Crim. App. 2005); *Moraguez*, 701 S.W.2d at 904; *Klapesky*, 256 S.W.3d at

2

449. Because Duke affirmatively stated that he had no objection to the challenged statement, he waived any error in the admission of that statement.

However, even if the issue had been preserved for our review, we find Duke's arguments on appeal to be without merit. The State presented evidence from which the trial court could reasonably find that the written statement at issue was provided by Duke. Duke argues that the statement, in which he admitted to taking pornographic pictures of the five-year old victim with his cell phone, did not meet the requirements of article 38.22 of the Texas Code of Criminal Procedure to be admissible. *See* Tex. Code Crim. Proc. Ann. art. 38.22, § 2 (West 2005). However, when a statement does not stem from a custodial interrogation, article 38.22 does not apply. *Camarillo v. State*, 82 S.W.3d 529, 535 (Tex. App.—Austin 2002, no pet.); *Burruss v. State*, 20 S.W.3d 179, 183 (Tex. App.—Texarkana 2000, pet. ref'd.). Article 38.22 expressly states that it does not preclude the admission of "a statement that does not stem from custodial interrogation, or of a voluntary statement, whether or not the result of custodial interrogation, that has a bearing upon the credibility of the accused as a witness, or of any other statement that may be admissible under law." Tex. Code Crim. Proc. Ann. art. 38.22, § 5 (West 2005).

A person is in custody if, under the circumstances, a reasonable person would believe that his freedom of movement was restrained to the degree associated with a formal arrest. *Stansbury v. California*, 511 U.S. 318, 322-25, 114 S. Ct. 1526, 1528-30, 128 L. Ed. 2d 293, 298-99 (1994); *see also Dowthitt v. State*, 931 S.W.2d 244, 255 (Tex. Crim. App. 1996) (recognizing four general situations that may constitute custody for purposes of article 38.22). Duke was not in custody at the time he gave the challenged statement. Duke did not contest the officer's testimony regarding the voluntary nature of the interview, or otherwise contend that he was not free to leave during the interview.[1] Because the statement was not made as a result of a custodial interrogation, the trial court did not abuse its discretion by failing to exclude the statement on the grounds that it was taken in violation of any provision of article 38.22.

We overrule Duke's sole issue on appeal and affirm the judgment of the trial court.

---

[1] The evidence presented at the suppression hearing established that Duke was free to leave at any time during the interview, and that the officer who interviewed him brought him home after Duke gave his statement. At the suppression hearing, Duke did not dispute the officer's testimony regarding the voluntary nature of the interview. Duke gave the voluntary statement on June 9, 2010, and was not indicted until June 1, 2011.

4

AFFIRMED.

                                         _____

                                                 CHARLES KREGER
                                                       Justice

Submitted on November 26, 2012
Opinion Delivered April 3, 2013
Do not publish

Before McKeithen, C.J., Kreger and Horton, JJ.