NO. 07-06-0304-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

OCTOBER 18, 2007

______________________________

OTIS NOBLE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 227
th
 DISTRICT COURT OF BEXAR COUNTY;

NO. 2005CR3879; HONORABLE PHILIP A. KAZEN, JR., JUDGE

_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

MEMORANDUM OPINION

Following a plea of not guilty, Appellant, Otis Noble, was convicted of possession of a controlled substance, enhanced.  Punishment was assessed at twenty years confinement and a $10,000 fine.  Appellant challenges the admission of evidence seized from his bedroom during a warrantless search which he contends violated his rights under the Fourth Amendment of the United States Constitution, article 1, § 9 of the Texas Constitution, and article 38.23 of the Texas Code of Criminal Procedure.  He presents three sub-issues questioning (1) whether his brother, Nathan Noble, had actual authority to consent to a search of his separate bedroom; (2) whether Nathan had apparent authority to consent to a search of his separate bedroom; and (3) alternatively, whether the State sustained its burden of proving that Nathan’s consent was freely and voluntarily given.  We affirm.

Background

Based on a tip from a confidential informant that Appellant and a friend, Nathan Wells, were selling crack cocaine, Detective Gene Valdez conducted surveillance of Appellant’s house for three days. On March 29, 2005, Valdez drove by the house and observed Appellant and Wells sitting on the front porch.  He immediately contacted other officers for assistance and set up a meeting to determine how to proceed on a “knock and talk.”  He explained that a “knock and talk” involves asking permission to search based on information. 

Upon returning to the residence, Detective Valdez noticed that Appellant and Wells were no longer there.  Another individual, later identified as Appellant’s brother, Nathan Noble, was observed locking the front door and walking toward the street.  An officer approached Nathan and asked if there were any narcotics in the house.  According to Detective Valdez’s testimony, Nathan was cooperative and he verbally agreed to allow officers to enter the house. 

Once inside the house, Detective Phillips spent some time conversing with Nathan to determine his authority and competency to sign a consent to search form.  He testified that after learning that Nathan had steady employment and paid his bills on time, he was confident that Nathan had both the legal authority and competency to sign a consent to search form.  Nathan then signed a form consenting to a search of the entire residence.  At trial, Nathan testified that although the signature on the consent form looked like his, he did not recall signing it. 

The house has two bedrooms.  Nathan testified that Appellant lived with him.  Proof of residency was discovered on Appellant’s dresser in the form of a letter addressed to him.  Both Detective Phillips and Nathan testified that Nathan pointed out his own bedroom and then Appellant’s bedroom.  According to Detective Phillips, the door to Appellant’s bedroom was open and he could see drug paraphernalia in plain view on the dresser.  

Detective Valdez searched Appellant’s room and observed the edge of a coffee can underneath Appellant’s bed.  He testified that given his experience and training, he knew that controlled substances are often hidden in coffee cans.  He moved the open can out from underneath the bed and noticed a baggie containing approximately sixteen rocks of a substance he believed to be crack cocaine.
(footnote: 1)  Detective Phillips performed a field test on a small rock which tested positive for cocaine.  Shortly after the discovery of the cocaine, Appellant returned home and was placed under arrest.

Appellant filed a pretrial motion to suppress seeking, among other things, suppression of the evidence based on violations of his constitutional and statutory rights.  Detectives Valdez and Phillips were the only witnesses at the hearing on Appellant’s motion.  The trial court ruled that Nathan had at least apparent authority to consent to a search of the entire premises and denied Appellant’s motion.

The gist of Appellant’s contention is that the crack cocaine was admitted into evidence in violation of his constitutional rights.  The State argues that the issue has not been preserved for appellate review.
(footnote: 2)  We agree, but in the interest of justice will review Appellant’s contentions. 

Standard of Review 

A trial court’s ruling on a motion to suppress is reviewed for abuse of discretion.  
Balentine v. State, 
71 S.W.3d 763, 768 (Tex.Crim.App. 2002).  In determining whether the trial court abused its discretion we give “almost total deference to a trial court’s determination of the historical facts” and review the court’s application of the law to the facts de novo.  
Guzman v. State
, 955 S.W.2d 85, 88-89 (Tex.Crim.App. 1997).  Where the trial court has not made explicit findings of fact, we review the evidence in the light most favorable to the trial court’s ruling and assume the trial court made implicit findings of fact to support the ruling.  
Carmouche v. State
, 10 S.W.3d 323, 327-28 (Tex.Crim.App. 2000).  The decision of the trial court will be sustained if it is correct on any theory of law applicable to the facts of that case.  
State v. Ross, 
32 S.W.3d 853, 856 (Tex.Crim.App. 2000).

Consent Exception to Warrantless Searches
 

The Fourth Amendment to the United States Constitution and article 1, § 9 of the Texas Constitution 
protect individuals “against unreasonable searches and seizures.”  
A warrantless search is presumptively unreasonable subject only to a few specifically established and well-delineated exceptions.  
Katz v. United States
, 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967).  
One such specifically established exception is a consensual search and seizure.  
Schneckloth v. Bustamonte
,
 412 U.S. 218, 219, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); 
Meeks v. State
, 692 S.W.2d 504, 509 (Tex.Crim.App. 1985).  Therefore, a warrantless search made after a voluntary consent is constitutionally permissible.  
Reasor v. State
, 12 S.W.3d 813, 818 (Tex.Crim.App. 2000).  

Third Party Consent

It is not always necessary that consent be given by the party asserting the constitutional violations.  Permission to search may also be given by a third party who possesses common authority over or other sufficient relationship to the premises or effects sought to be searched.  
United States v. Matlock
, 415 U.S. 164, 171, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974).  The Fourth Amendment recognizes a valid warrantless entry and search of premises when police obtain the voluntary consent of an occupant who shares, or is reasonably believed to share, authority over the area in common with a co-occupant who later objects to the use of evidence so obtained.  
Georgia v. Randolph
, 547 U.S. 103, 106, 126 S.Ct. 1515, 164 L.Ed.2d 208 (2006), 
citing
 
Illinois v. Rodriguez
, 497 U.S. 177, 110 S.Ct. 2793, 111 L.Ed.2d 148 (1990)
.  “Common authority” rests on mutual use of property by a person generally having joint access or control for most purposes, so that it is reasonable to assume that any of the co-occupants has the right to permit the inspection in his own right and the other co-occupants are deemed to have assumed the risk that one of their number might permit the common area to be searched.  
Matlock
, 415 U.S. at 171 n.7. 

The State bears the burden of proving that the person who gave consent had the actual or apparent authority to do so.  
Rodriguez
, 497 U.S. at 181.  Additionally, the State must show that consent was positive, unequivocal, and absent of duress or coercion.  
Corea v. State
, 52 S.W.3d 311, 316 (Tex.App.–Houston [1st Dist.] 2001, pet. ref’d).  In a situation that presents an ambiguity as to apparent or actual authority to consent, the State cannot satisfy its burden if the police officer proceeds without making further inquiry.  
Id.
 at 317.

Actual Authority

The Texas Court of Criminal Appeals has recognized privacy considerations in an individual’s bedroom.  
Becknell v. State
, 720 S.W.2d 526, 528 (Tex.Crim.App. [Panel Op.] 1986).  In 
Becknell
, the defendant claimed that his father lacked the authority to consent to the search of his padlocked bedroom.  His father, who owned the home, testified he was allowed in the bedroom only when his adult son was home.  The defendant’s sister also testified that “no one was allowed” in his room.  
The Court concluded that, “on the narrow facts of the case” Becknell’s father did not have actual authority to consent to a search of his son’s bedroom.
   
Id
. at 528.  

In this case, Detective Valdez testified at the suppression hearing that Nathan owned the house and paid the bills.  Nathan testified that Appellant lived 
with
 him and that occasionally he used Appellant’s bedroom as a means of getting to the kitchen.  The diagram of the house used at trial showed that Appellant’s bedroom could be used as a means to access the kitchen and laundry room from the living room.  Furthermore, there was no evidence that Appellant kept his door closed, much less locked.  Appellant testified that his bedroom was exclusively his; however, further testimony showed that Appellant had shared his bedroom with a girlfriend and that Appellant’s friends often drank and smoked in the bedroom.  Under the facts of this case, we conclude that if the trial court found that Nathan had actual authority to consent to a search of Appellant’s bedroom, that finding would not have been an abuse of discretion.   However, our decision need not rest solely on a finding of actual authority.  

Apparent Authority

When the facts do not support consent from a person with actual authority, a search may nevertheless be proper if the person giving consent had apparent authority to do so.  
Rodriguez
, 497 U.S. at 188-89
.  The third-party consent is valid if the facts available to the officer at the time of the search would cause a person of reasonable caution to believe that the consenting party had authority over the premises.  
Id. 
at 188.  Although the Texas Court of Criminal Appeals has not expressly adopted the doctrine of apparent authority, several intermediate appellate courts have recognized it.  
See
 
McNairy v. State
, 835 S.W.2d 101, 105 (Tex.Crim.App. 1991).
(footnote: 3)  When ambiguous circumstances arise that cast doubt on the effectiveness of the consent or the extent of the consent given, in order to be constitutionally valid officers must make further inquiry to determine the legal parameters of the search.  
Id.
 

The testimony established that Detective Phillips questioned Nathan to determine if he was qualified to give consent.  According to Phillips, Nathan was very cooperative.  Phillips’s inquiry established that Nathan either owned the house or was paying rent and that Appellant paid Nathan rent and lived with him.  Nathan testified that when Appellant was not home, he would cut through Appellant’s bedroom to go to the kitchen.  Appellant testified that although Nathan had no access to anything in his room, he acknowledged that Nathan occasionally did walk through his room on his way to the kitchen.  Appellant further testified that when he entertained guests in his bedroom, they walked through his bedroom to get to the kitchen.  A business letter on Appellant’s dresser indicated that at one time Appellant’s girlfriend, Shonica Powers, was receiving mail at the residence. 

Appellant relies on 
Corea
, 52 S.W.3d at 316, to support his argument that Nathan did not have authority to consent to a search of his bedroom.  In 
Corea
, however, the court noted that once consent became ambiguous the officers were obligated to investigate further.  
Id. 
at 317-318.  Their failure to do so rendered the search unreasonable, and the court found that the State did not sustain its burden of showing actual or apparent authority.  
Id.
 at 318. 
 

During the suppression hearing, Detective Valdez testified that he believed Nathan had authority to consent to a search and on cross-examination, testified that Nathan acted as if he had authority over the entire house which led him to believe consent was not ambiguous.  Nevertheless, Detective Phillips questioned Nathan further on ownership of the house, payment of bills, and access to Appellant’s bedroom.  As previously mentioned, Appellant had many friends visit his bedroom and at one time had his girlfriend receiving mail at his address.  Unlike the facts in 
Corea
, in this case there is no evidence that Appellant was the only person with access to his bedroom.  Furthermore, under the apparent authority doctrine, even if Nathan did not actually have authority to consent to the search, the warrantless search is still valid if the facts available to Detectives Valdez and Phillips at the moment warranted a man of reasonable caution to believe that Nathan had authority over the premises.  
See Rodriguez
, 497 U.S. at 188.  We conclude that, given the officer’s further investigation and Nathan’s responses, Detective Phillips reasonably believed that Nathan had apparent authority to consent to a search of the entire premises.

Voluntariness of Consent

Typically, whether consent is voluntary turns on questions of fact and is determined from the totality of the circumstances.  
Schneckloth, 
412 U.S.
 at 227-229; 
 
Harrison v. State,
 205 S.W.3d 549, 552 (Tex.Crim.App. 2006).
 
  For that reason, a finding of voluntary consent is reviewed only for an abuse of discretion.  
Montanez v. State
, 195 S.W.3d 101, 108 (Tex.Crim.App. 2006).  The standard for measuring the scope of consent “is that of ‘objective’ reasonableness” or what an ordinary reasonable person would have understood under the same  or similar circumstances.   
Florida v. Jimeno
, 500 U.S. 248, 251, 111 S.Ct. 1801, 114 L.Ed.2d 297 (1991).  
See also
 
Johnson v. State
,
 
226 S.W.3d 439, 443 (Tex.Crim.App. 2007). 

When voluntariness is challenged at trial, the State must prove the voluntariness of the consent by clear and convincing evidence.
  
Harrison,
 205 S.W.3d at 552.  
While we recognize that the Supreme Court applies the lower standard of preponderance of the evidence in determining voluntariness, it has long been held that the courts of this state are not bound by the Supreme Court’s analysis of federal constitutional provisions 
when construing our constitution as providing greater rights to the people.  
See
 
State v. Ibarra
, 953 S.W.2d 242, 244-45 (Tex.Crim.App. 1997).
(footnote: 4)
 Although Nathan denied that he gave permission to have Appellant’s bedroom searched, he testified that he has memory problems and difficulties recalling details.  He also testified that the signature on the consent form looked like his.  During rebuttal, Detective Phillips testified that Nathan appeared “slow” and that he engaged him in a five to ten minute conversation to determine whether he was competent to sign a consent form.  In response to questions, Nathan told Phillips that he had a good job at a grocery chain and had held the job for some time.
  
He also paid his rent and bills on time.  According to Phillips, after their conversation, he felt confident that Appellant was competent to sign a short, uncomplicated consent form.  
Cf
. 
Delao v. State
, __ S.W.3d __, No. PD 00-0067-07, 2007 WL 2781295, *4 (Tex.Crim.App. Sept. 26, 2007) (concluding that the totality of the circumstances standard applies to all levels of mental capacity in evaluating voluntariness of confessions).
  
Except for Nathan’s difficulty in recalling details, there is no evidence that he did not voluntarily sign the consent to search form.

We conclude the trial court did not abuse its discretion in denying Appellant’s motion to suppress based on a finding that Nathan, having at least apparent authority to do so, voluntarily consented to a search of Appellant’s bedroom.  Thus, the crack cocaine was not erroneously admitted into evidence.   Accordingly, we overrule appellant’s contentions.   Our disposition pretermits consideration of Appellant’s claim that he suffered harm of constitutional dimension. 

The trial court’s judgment is affirmed.  

Patrick A. Pirtle      Justice

Do not publish.

Quinn, C.J. - I concur with the result and that portion of the opinion noting that the objection to the evidence was not preserved.  Because it was not preserved, the court need not write substantively on the issue.

FOOTNOTES
1:
The evidence conflicts on whether the consent form was signed before or after the search that led to discovery of the crack cocaine.

2:
When Detective Phillips was testifying during the trial on the merits, the State offered into evidence, State’s Exhibit 7, an evidence envelope, and State’s Exhibit 8, an envelope containing approximately sixteen rocks identified as crack cocaine.  After a brief voir dire examination, defense counsel announced, “We have no objections to 7 and 8, Your Honor.”  
State’s Exhibits 7 and 8 were then admitted into evidence.  When a pretrial motion to suppress evidence is overruled, a defendant need not subsequently object at trial to the same evidence in order to preserve error for appeal.  
Moraguez v. State
, 701 S.W.2d 902, 904 (Tex.Crim.App 1986).  However, if the defendant affirmatively states he has “no objection” to the admission of the evidence at trial, he waives his right to complain of the error on appeal despite the pretrial ruling.  
Id.
; 
Dean v. State,
 749 S.W.2d 80, 83 (Tex.Crim.App. 1988); 
Strauss v. State
, 121 S.W.3d 486, 490 (Tex.App.–Amarillo 2003, pet. ref’d)

3:
See also
 
Brown v. State
, 212 S.W.3d 851, 868 (Tex.App.–Houston [1st Dist.] 2006, pet. ref’d); 
Davis v. State
, 93 S.W.3d 664, 668 (Tex.App.–Texarkana 2002, pet. ref’d); 
Corea v. State
,  52 S.W.3d 311, 316 (Tex.App.–Houston [1st Dist.] 2001, pet. ref’d);
 Riordan v. State
, 905 S.W.2d 765, 771 (Tex.App.–Austin 1995, no pet.);  

4:
By his issue, Appellant raises violation of his rights under article 38.23 of the Texas Code of Criminal Procedure; his arguments, however, are limited to constitutional violations.