Affirmed and Memorandum Opinion filed April 29, 2008








Affirmed
and Memorandum Opinion filed April 29, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00756-CR

____________

 

QUENTIN DEWAYNE ROACH, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 339th
District Court

Harris County, Texas

Trial Court Cause No. 1016340

 



 

M E M O R A N D U M   O P I N I O N

Appellant Quentin Dewayne Roach challenges his conviction
for possession with the intent to deliver at least four hundred grams of
cocaine, arguing the trial court erred in denying his motion to suppress
evidence.  We affirm.  

I.  Factual and Procedural Background








The Harris County Sheriff=s Office received
an anonymous tip that large quantities of narcotics were being sold at a
particular residence and that the occupants had semi-automatic weapons.  Seven
officers went to the residence to conduct a Aknock and talk@ investigation.[1] 
When the officers arrived at the residence, they entered a porch area through
an open and unlocked storm door located almost four feet in front of the
entrance and knocked on the front door and announced their presence.  The
officers could see through the window blinds covering the front door window. 
When the officers heard movement within the home, they looked through the blinds
and saw appellant and another male running through the living room into the
kitchen with what appeared to be gallon-sized bags of cocaine in their hands.

The officers believed the men were attempting to dispose of
the cocaine.  One officer yelled that the men were Aditching the dope.@  The officers
kicked the door open, announced their presence, and entered the residence
without a warrant.  The officers found appellant in the kitchen, where the
garbage disposal was on and the water was running.  The gallon-sized bags were
on the counter along with Pyrex brand containers, which are commonly used to
make crack cocaine.  Additionally, the officers discovered nearly one kilogram
of cocaine and a half pound of marijuana in appellant=s bedroom.  The
officers also found loaded guns in every room in the house.  The officers
seized all of these items during their search of the residence.  Appellant was
arrested and charged with the felony offense of possession with intent to
deliver at least four hundred grams of cocaine.  








Before trial, appellant filed a motion to suppress the
evidence seized during the officers= warrantless
search of his residence.  Appellant argued for the suppression of the evidence,
asserting the search was conducted without consent or lawful authority and
without a valid search warrant or probable cause.  Appellant claimed that because
the evidence was the fruit of an illegal search it should be suppressed.  The
trial court denied appellant=s motion.

During trial, the State presented testimony regarding the
search and the evidence seized by the officers during their search of appellant=s residence,
including the weapons, Pyrex containers, scales, gallon-sized bags, cocaine,
and marijuana.  Each time the State offered the evidence, defense counsel
stated Ano objection.@

A jury found appellant guilty of possession with intent to
deliver at least four hundred grams of cocaine.  Appellant was sentenced to
fifty years= confinement and assessed a $250,000 fine. 

II.  Issue and Analysis 

In his sole issue, appellant contends the trial court
committed reversible error in denying his motion to suppress the evidence from
the officers= search because the jury=s assessment of
guilt depended on the evidence that was admitted.  We review the trial court=s ruling on a
motion to suppress under an abuse-of-discretion standard.  State v. Dixon,
206 S.W.3d 587, 590 (Tex. Crim. App. 2006).  If supported by the record, a
trial court=s ruling on a motion to suppress will not be
overturned.  Id.  At a suppression hearing, the trial court is the sole
finder of fact and is free to believe or disbelieve any or all of the evidence
presented.  Brooks v. State, 76 S.W.3d 426, 430 (Tex. App.CHouston [14th
Dist.] 2002, no pet.).  We afford almost total deference to the trial court=s determination of
the historical facts that the record supports, especially when the trial court=s findings turn on
evaluating a witness=s credibility and demeanor.  Dixon,
206 S.W.3d at 590.  We review de novo the trial court=s application of
the law to the facts if resolution of those ultimate questions does not turn on
the evaluation of credibility and demeanor.  Id.








In his motion to suppress, appellant argued the evidence
should have been suppressed because it was the fruit of an illegal search
conducted without consent or lawful authority and without a valid search
warrant or probable cause.  Appellant argued the officers= entry was
unlawful because (1) the officers entered through a storm door into a porch
area to knock on appellant=s front door, and, therefore, their
presence at the front door was unlawful; and (2) the officers= testimony of
seeing appellant through the front door window blinds was unbelievable and,
therefore, no justification existed for the officers= warrantless
entry.  Under appellant=s theory at trial, evidence seized in the
officers= warrantless
search should be suppressed because the officers= entry was in
violation of the Fourth Amendment=s warrant
requirement.  See U.S. Const.
amend. IV.  

The Fourth Amendment guarantees people the right to be
secure in their home against unreasonable searches and seizures.  Id.  A
warrantless search is per se unreasonable unless the government can demonstrate
that it falls within one of the carefully defined exceptions to the Fourth
Amendment=s warrant requirement.  Coolidge v. New Hampshire,
403 U.S. 443, 474B75, 91 S. Ct. 2022, 2042, 29 L. Ed. 2d 564
(1971); McGee v. State, 105 S.W.3d 609, 615 (Tex. Crim. App. 2003).  A
police officer=s warrantless entry into a residence is presumptively
unreasonable unless the occupants consent or exigent circumstances exist.  Payton
v. New York, 445 U.S. 573, 586, 590, 100 S. Ct. 1371, 1382, 63 L. Ed. 2d
639 (1980); English v. State, 647 S.W.2d 667, 671B72 (Tex. Crim.
App. 1983).  Officers cannot justify a warrantless entry into and a search of a
residence on the basis of exigent circumstances that the officers created.  Parker
v. State, 206 S.W.3d 593, 598, n.21 (Tex. Crim. App. 2006); see United
States v. Munoz-Guerra, 788 F.2d 295, 298 (5th Cir. 1986).  After hearing
testimony from both sides, the trial court judge evaluated the credibility of
the testimony and denied appellant=s motion to
suppress. 








On appeal, however, appellant argues the officers were not
entitled to rely on the exigent-circumstances exception because the officers
created the exigent circumstances themselves when the seven officers approached
the house late at night, peered through the windows, and announced their
presence.  Under appellant=s rationale, because the officers created
the exigent circumstances themselves, the exigent-circumstances exception to
the general rule does not apply and the trial court erred in denying his motion
to suppress.

Appellant has failed to preserve this complaint for
appellate review because his appellate contention does not comport with his
arguments at the motion-to-suppress hearing.  See Tex. R. App. P. 33.1(a)(1)(A).  A motion to suppress is
nothing more than a specialized objection to the admissibility of evidence.  Galitz
v. State, 617 S.W.2d 949, 952 n.10 (Tex. Crim. App. 1981).  To preserve a
complaint for appellate review, a defendant must raise the complaint to the
trial judge by a timely request, objection or motion that specifically
identifies the grounds for the ruling he seeks.  Tex. R. App. P. 33.1(a)(1)(A). 
A defendant=s appellate contention must comport with
the specific objection made at trial.  Wilson v. State, 71 S.W.3d 346,
349 (Tex. Crim. App. 2002).  An objection grounded on one legal basis may not
be used to support a different legal theory on appeal.  Rezac v. State,
782 S.W.2d 869, 870 (Tex. Crim. App. 1990).  The reviewing court will not
consider errors, even of constitutional magnitude, not called to the trial
court=s attention.  Broxton
v. State, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995). 

Appellant never suggested during the motion-to-suppress
hearing that the officers created the exigent circumstances upon which they
relied for entry.  Instead, appellant argued only that the officers= presence at the front
door was unlawful and the officers= testimony of
being able to see inside was a Astretch@ such that no
justification existed at all for the officers= warrantless
entry.  Because appellant=s appellate contention does not comport
with his objections at the suppression hearing, he has failed to preserve error
on this issue.  See Wilson, 71 S.W.3d at 349.








Nevertheless, even if appellant had preserved error on this
issue, he could not prevail because appellant waived error at trial when he
stated Ano objection@ to the contested
evidence each time the State offered it and the trial court admitted it.  See
Moody v. State, 827 S.W.2d 875, 889 (Tex. Crim. App. 1992).  When a
pretrial motion to suppress evidence is overruled, the defendant need not
subsequently object at trial to the same evidence to preserve error on appeal. 
Moraguez v. State, 701 S.W.2d 902, 904 (Tex. Crim. App. 1986).  However,
when a defendant affirmatively states during trial that he has Ano objection@ to the admission
of evidence, he waives any error, despite the pretrial ruling.  Moody,
827 S.W.2d at 889.

Though appellant initially preserved error through the
trial court=s ruling on the pretrial motion to suppress, because
appellant=s counsel specifically stated that he had no objection
to the State=s offer of evidence seized during the search, this
issue was not preserved for appellate review.  See id.  Appellant
has waived his complaint to the inadmissibility of the challenged evidence.  See
id.  

Appellant=s sole issue on appeal is overruled, and
the trial court=s judgment is affirmed. 

 

 

 

 

/s/      Kem Thompson Frost

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed April 29, 2008.

Panel consists of
Justices Fowler, Frost, and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).

 









[1]  In a Aknock
and talk@ investigation, law enforcement officers knock at a
suspect=s door, identify themselves as police officers, and
explain to the individual that he is a suspect in a narcotics investigation. 
The officers then advise the suspect of his rights and ask the suspect for
consent to search his residence or to further discuss the allegations against
him.  Gale v. State, 998 S.W.2d 221, 223 n.2 (Tex. Crim. App. 1999).