# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00164-CR

**Augustine Salazar, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT
NO. 07-531-K368, HONORABLE BURT CARNES, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Augustine Salazar was convicted of possession of four grams or more, but less than 200 grams, of cocaine. *See* Tex. Health & Safety Code Ann. § 481.115(d) (West 2003). After he pleaded true to allegations that he had three prior felonies, Salazar was classified as a habitual felon and subjected to an elevated punishment range. *See* Tex. Penal Code Ann. § 12.42(d) (West Supp. 2008). The jury assessed punishment at fifty years in prison, and the trial court ordered the sentence to run consecutively with a twelve-year sentence imposed in a separate case. On appeal, Salazar contends that the trial court erred by overruling his motion to suppress the cocaine underlying his conviction. We affirm the judgment of conviction.

## BACKGROUND

During a routine report to his parole officer, Salazar was arrested on outstanding warrants. Salazar was then escorted outside, where the arresting officer, Kirby Shoemake, asked him

how he had gotten to the parole office. When Salazar responded that he had driven himself, Shoemake asked him to identify his vehicle. Salazar responded by pointing to his vehicle, which was parked in the parole office parking lot. It is undisputed that Salazar had not been read his *Miranda* rights at the time he pointed out his vehicle to Shoemake.[1]

Asserting that the parole office is located in a high-crime area, the Georgetown Police arranged to impound Salazar's vehicle and conducted an inventory of the vehicle before towing it. During this inventory, an officer discovered a package containing approximately ten grams of cocaine underneath the driver's floor mat, leading to the current prosecution for possession of cocaine.

Prior to trial, Salazar filed a motion to suppress the cocaine. After a hearing, the trial court denied the motion. On appeal, Salazar contends that the cocaine should have been suppressed because it was obtained (1) in violation of his *Miranda* rights and (2) incident to an unlawful impoundment and inventory.

## STANDARD OF REVIEW

The appropriate standard of review for a suppression ruling is a bifurcated review, giving almost total deference to the trial court's findings of fact, but conducting a de novo review of its application of law to those facts. *Maxwell v. State*, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002); *State v. Ross*, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000); *Guzman v. State*, 955 S.W.2d 85, 88-89 (Tex. Crim. App. 1999). The denial of a motion to suppress should be upheld

---

[1] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

2

if the ruling is reasonably supported by the record and correct on any theory of the law applicable to the case. *Laney v. State*, 117 S.W.3d 854, 857 (Tex. Crim. App. 2003).

**DISCUSSION**

As an initial matter, the State contends that Salazar waived any error in the trial court's overruling of his motion to suppress by affirmatively stating, "No objection, your honor," when the State offered the cocaine into evidence. When a pretrial motion to suppress evidence is overruled, the defendant need not object at trial to the same evidence in order to preserve error on appeal. *Moraguez v. State*, 701 S.W.2d 902, 904 (Tex. Crim. App. 1986); *Figueroa v. State*, 250 S.W.3d 490, 514 (Tex. App.—Austin 2008, pet. ref'd). However, when the defendant affirmatively asserts during trial that he has "no objection" to the admission of the complained-of evidence, he waives any error in the admission of the evidence despite the pretrial ruling. *Swain v. State*, 181 S.W.3d 359, 368 (Tex. Crim. App. 2005).

Here, defense counsel sought to preserve error by filing a pretrial motion to suppress and again at trial by requesting and receiving a running objection to the admission of the cocaine. Courts have held that even if defense counsel files a motion to suppress and requests a running objection, error may still be waived by an affirmative statement of "no objection" when the evidence is introduced. *See Valdez v. State*, No. 07-03-0014-CR, 2003 Tex. App. LEXIS 7835, at *5-6 (Tex. App.—Amarillo Sept. 5, 2003, no pet.) (mem. op., not designated for publication); *Wilson v. State*, No. 08-01-00319-CR, 2002 Tex. App. LEXIS 9336, at *9 (Tex. App.—El Paso Mar. 27, 2002, no pet.) (not designated for publication). Some courts have found an exception to this rule, however, when the trial court expressly states on the record that it considers the issue to

be preserved for appeal. *See Shedden v. State*, 268 S.W.3d 717, 730 (Tex. App.—Corpus Christi 2008, pet. ref'd) (holding that affirmative statement of "no objection" by counsel did not waive error where motion to suppress was denied, running objection was obtained, and trial court "expressly represented to [appellant's] counsel that it considered the suppression issue preserved for appeal"); *Bouyer v. State*, 264 S.W.3d 265, 268 (Tex. App.—San Antonio 2008, no pet.) (holding that despite statement of "no objection" to evidence sought to be suppressed, error was not waived because "the trial court clearly did not construe [appellant's] 'no objection' as a waiver of his motion to suppress"). *But see Wilson*, 2002 Tex. App. LEXIS 9336, at *8-9. The record in this case does not reflect any indication by the trial court that it considered the suppression issue to be preserved for appeal in spite of the "no objection" statement. Therefore, the limited exception to the waiver rule does not apply, and any error in the denial of the motion to suppress was waived.

Furthermore, even if error had been preserved, the trial court did not err in denying Salazar's motion to suppress. First, Salazar contends that the arresting officer's request that he identify his vehicle was a custodial interrogation in violation of *Miranda*, and that because the cocaine was discovered as a result of this *Miranda* violation, it should have been suppressed.[2]

A defendant's statements made during a "custodial interrogation" must be suppressed if the defendant was not read his *Miranda* rights prior to giving the statements. *See Williams v. State*, 270 S.W.3d 112, 136 (Tex. Crim. App. 2008); *see also* Tex. Code Crim. Proc. Ann.

---

[2] With regard to the arresting officer's initial question, asking Salazar how he had gotten to the parole office, we note that according to Salazar's own testimony at the suppression hearing, he voluntarily told his parole officer, in the presence of police, that he had driven there in his own vehicle. *See Miranda*, 384 U.S. at 478 ("Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding today.").

4

art. 38.22 (West 2005). A custodial interrogation occurs when a defendant is in custody and is exposed to words or actions on the part of the police that the police should know are reasonably likely to elicit an incriminating response. *Roquemore v. State*, 60 S.W.3d 862, 868 (Tex. Crim. App. 2001). Physical evidence discovered as a result of a statement made in violation of *Miranda*, or "fruit of the poisonous tree," *see Wong Sun v. United States*, 371 U.S. 471, 487-88 (1963), need only be suppressed if the statement was made through actual police coercion. *See Baker v. State*, 956 S.W.2d 19, 22 (Tex. 1997).[3]

In the present case, the arresting officer's question to Salazar regarding which vehicle belonged to him could not be considered reasonably likely to elicit an incriminating response. Rather, the arresting officer's question was of the type normally attendant to arrest, custody, or administrative booking procedures. Such questions are not considered custodial interrogations for purposes of *Miranda* because they do not normally elicit incriminating responses. *See Cross v. State*, 144 S.W.3d 521, 524-25 n.5 (Tex. Crim. App. 2004). Furthermore, even if Salazar's conversation with the arresting officer could be considered a custodial interrogation, the "fruit of the poisonous tree" doctrine is inapplicable because there is no indication that Salazar's statement was the result of actual police coercion. *See Baker*, 956 S.W.2d at 22. Under these circumstances, the trial court did not err in refusing to suppress the cocaine based on any *Miranda* violation.

---

[3] While Salazar takes the position that police coercion is not necessary to suppress the cocaine under the "fruit of the poisonous tree" doctrine, "both the United States Supreme Court and the Court of Criminal Appeals have rejected this doctrine in the Fifth Amendment context of physical evidence obtained after failing to give Miranda warnings." *In re H.V.*, 252 S.W.3d 319, 327 (Tex. 2008) (citing *United States v. Patane*, 542 U.S. 630, 634 (2004) (plurality opinion); *id.* at 645 (Kennedy, J., concurring); *Baker v. State*, 956 S.W.2d 19, 23-24 (Tex. Crim. App. 1997)).

Salazar also contends that the cocaine should have been suppressed because it was discovered during an unlawful inventory of his vehicle in violation of the Fourth Amendment. *See* U.S. Const. amend. IV. Police may take inventory of the contents of a lawfully impounded vehicle without violating the Fourth Amendment, provided the inventory is conducted pursuant to reasonable, standardized police procedures that are administered in good faith. *South Dakota v. Opperman*, 428 U.S. 364, 375-76 (1976); *see also Colorado v. Bertine*, 479 U.S. 367, 374 (1987).

In construing *Opperman*, the Texas Court of Criminal Appeals has held that when the driver of a vehicle is arrested, police may lawfully impound and inventory the vehicle according to standard operating procedure if there are no alternatives other than impoundment available to insure the protection of the vehicle.[4] *Delgado v. State*, 718 S.W.2d 718, 721 (Tex. Crim. App. 1986). The Georgetown Police Department's standard operating procedures for impounding vehicles, which were entered into evidence, include the following language: "If the owner/operator of a vehicle has been arrested but the vehicle is not needed for evidentiary purposes, the arresting officer will impound the vehicle unless the owner/operator requests the vehicle be released to another responsible person who is present." While Salazar asserts that his vehicle could have been released to his brother, it is undisputed that Salazar's brother was not present at the parole office at the time of the arrest. Thus, the evidence reflects that the police department followed its standard procedures in impounding Salazar's vehicle. Furthermore, the supervising officer on the scene of

---

[4] The court of criminal appeals further explained that "[t]he purpose of an inventory is to protect the owner's property while it remains in police custody, to protect the police against claims or disputes over lost or stolen property, and to protect the police from potential dangers." *Delgado v. State*, 718 S.W.2d 718, 721 (Tex. Crim. App. 1986).

Salazar's arrest testified that the parole office is located near a high-crime area, that vehicles left there after business hours were a "prime target for burglaries," and that it was necessary to impound the vehicle in order to insure its protection. Viewing the evidence in the light most favorable to the trial court's ruling, we conclude that the trial court did not err in determining that the impoundment and inventory of Salazar's vehicle was lawful.

## CONCLUSION

Having found no error in the trial court's ruling on Salazar's motion to suppress, we affirm the judgment of conviction.

_____

Diane M. Henson, Justice

Before Justices Patterson, Waldrop and Henson;
  Concurring Opinion by Justice Waldrop

Affirmed

Filed:   October 29, 2009

Do Not Publish