TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-08-00164-CR






Augustine Salazar, Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT

NO. 07-531-K368, HONORABLE BURT CARNES, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 Augustine Salazar was convicted of possession of four grams or more, but less than
200 grams, of cocaine. See Tex. Health & Safety Code Ann. § 481.115(d) (West 2003). After he
pleaded true to allegations that he had three prior felonies, Salazar was classified as a habitual felon
and subjected to an elevated punishment range. See Tex. Penal Code Ann. § 12.42(d) (West Supp.
2008). The jury assessed punishment at fifty years in prison, and the trial court ordered the sentence
to run consecutively with a twelve-year sentence imposed in a separate case. On appeal, Salazar
contends that the trial court erred by overruling his motion to suppress the cocaine underlying his
conviction. We affirm the judgment of conviction. 


BACKGROUND

 During a routine report to his parole officer, Salazar was arrested on outstanding
warrants. Salazar was then escorted outside, where the arresting officer, Kirby Shoemake, asked him
how he had gotten to the parole office. When Salazar responded that he had driven himself,
Shoemake asked him to identify his vehicle. Salazar responded by pointing to his vehicle, which
was parked in the parole office parking lot. It is undisputed that Salazar had not been read his
Miranda rights at the time he pointed out his vehicle to Shoemake. (1)
 

 Asserting that the parole office is located in a high-crime area, the Georgetown
Police arranged to impound Salazar's vehicle and conducted an inventory of the vehicle before
towing it. During this inventory, an officer discovered a package containing approximately
ten grams of cocaine underneath the driver's floor mat, leading to the current prosecution for
possession of cocaine. 

 Prior to trial, Salazar filed a motion to suppress the cocaine. After a hearing, the trial
court denied the motion. On appeal, Salazar contends that the cocaine should have been suppressed
because it was obtained (1) in violation of his Miranda rights and (2) incident to an unlawful
impoundment and inventory.


STANDARD OF REVIEW

 The appropriate standard of review for a suppression ruling is a bifurcated review,
giving almost total deference to the trial court's findings of fact, but conducting a de novo review
of its application of law to those facts. Maxwell v. State, 73 S.W.3d 278, 281 (Tex. Crim.
App. 2002); State v. Ross, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000); Guzman v. State,
955 S.W.2d 85, 88-89 (Tex. Crim. App. 1999). The denial of a motion to suppress should be upheld
if the ruling is reasonably supported by the record and correct on any theory of the law applicable
to the case. Laney v. State, 117 S.W.3d 854, 857 (Tex. Crim. App. 2003). 

 

DISCUSSION

 As an initial matter, the State contends that Salazar waived any error in the trial
court's overruling of his motion to suppress by affirmatively stating, "No objection, your honor,"
when the State offered the cocaine into evidence. When a pretrial motion to suppress evidence is
overruled, the defendant need not object at trial to the same evidence in order to preserve error on
appeal. Moraguez v. State, 701 S.W.2d 902, 904 (Tex. Crim. App. 1986); Figueroa v. State,
250 S.W.3d 490, 514 (Tex. App.--Austin 2008, pet. ref'd). However, when the defendant
affirmatively asserts during trial that he has "no objection" to the admission of the complained-of
evidence, he waives any error in the admission of the evidence despite the pretrial ruling. Swain
v. State, 181 S.W.3d 359, 368 (Tex. Crim. App. 2005).

 Here, defense counsel sought to preserve error by filing a pretrial motion to suppress
and again at trial by requesting and receiving a running objection to the admission of the cocaine. 
Courts have held that even if defense counsel files a motion to suppress and requests a running
objection, error may still be waived by an affirmative statement of "no objection" when the evidence
is introduced. See Valdez v. State, No. 07-03-0014-CR, 2003 Tex. App. LEXIS 7835, at *5-6
(Tex. App.--Amarillo Sept. 5, 2003, no pet.) (mem. op., not designated for publication);
Wilson v. State, No. 08-01-00319-CR, 2002 Tex. App. LEXIS 9336, at *9 (Tex. App.--El Paso
Mar. 27, 2002, no pet.) (not designated for publication). Some courts have found an exception to
this rule, however, when the trial court expressly states on the record that it considers the issue to
be preserved for appeal. See Shedden v. State, 268 S.W.3d 717, 730 (Tex. App.--Corpus Christi
2008, pet. ref'd) (holding that affirmative statement of "no objection" by counsel did not waive error
where motion to suppress was denied, running objection was obtained, and trial court "expressly
represented to [appellant's] counsel that it considered the suppression issue preserved for appeal");
Bouyer v. State, 264 S.W.3d 265, 268 (Tex. App.--San Antonio 2008, no pet.) (holding that despite
statement of "no objection" to evidence sought to be suppressed, error was not waived because "the
trial court clearly did not construe [appellant's] 'no objection' as a waiver of his motion to
suppress"). But see Wilson, 2002 Tex. App. LEXIS 9336, at *8-9. The record in this case does not
reflect any indication by the trial court that it considered the suppression issue to be preserved for
appeal in spite of the "no objection" statement. Therefore, the limited exception to the waiver rule
does not apply, and any error in the denial of the motion to suppress was waived. 

 Furthermore, even if error had been preserved, the trial court did not err in denying
Salazar's motion to suppress. First, Salazar contends that the arresting officer's request that he
identify his vehicle was a custodial interrogation in violation of Miranda, and that because the
cocaine was discovered as a result of this Miranda violation, it should have been suppressed. (2)

 A defendant's statements made during a "custodial interrogation" must be suppressed
if the defendant was not read his Miranda rights prior to giving the statements. See Williams
v. State, 270 S.W.3d 112, 136 (Tex. Crim. App. 2008); see also Tex. Code Crim. Proc. Ann.
art. 38.22 (West 2005). A custodial interrogation occurs when a defendant is in custody and is
exposed to words or actions on the part of the police that the police should know are reasonably
likely to elicit an incriminating response. Roquemore v. State, 60 S.W.3d 862, 868 (Tex. Crim. App.
2001). Physical evidence discovered as a result of a statement made in violation of Miranda, or "fruit
of the poisonous tree," see Wong Sun v. United States, 371 U.S. 471, 487-88 (1963), need only be
suppressed if the statement was made through actual police coercion. See Baker v. State,
956 S.W.2d 19, 22 (Tex. 1997). (3)

 In the present case, the arresting officer's question to Salazar regarding which vehicle
belonged to him could not be considered reasonably likely to elicit an incriminating response. 
Rather, the arresting officer's question was of the type normally attendant to arrest, custody, or
administrative booking procedures. Such questions are not considered custodial interrogations for
purposes of Miranda because they do not normally elicit incriminating responses. See Cross v. State,
144 S.W.3d 521, 524-25 n.5 (Tex. Crim. App. 2004). Furthermore, even if Salazar's conversation
with the arresting officer could be considered a custodial interrogation, the "fruit of the poisonous
tree" doctrine is inapplicable because there is no indication that Salazar's statement was the result
of actual police coercion. See Baker, 956 S.W.2d at 22. Under these circumstances, the trial court
did not err in refusing to suppress the cocaine based on any Miranda violation.

 Salazar also contends that the cocaine should have been suppressed because it was
discovered during an unlawful inventory of his vehicle in violation of the Fourth Amendment. See
U.S. Const. amend. IV. Police may take inventory of the contents of a lawfully impounded vehicle
without violating the Fourth Amendment, provided the inventory is conducted pursuant to
reasonable, standardized police procedures that are administered in good faith. South Dakota
v. Opperman, 428 U.S. 364, 375-76 (1976); see also Colorado v. Bertine, 479 U.S. 367, 374 (1987).

 In construing Opperman, the Texas Court of Criminal Appeals has held that when
the driver of a vehicle is arrested, police may lawfully impound and inventory the vehicle according
to standard operating procedure if there are no alternatives other than impoundment available to
insure the protection of the vehicle. (4) Delgado v. State, 718 S.W.2d 718, 721 (Tex. Crim. App.
1986). The Georgetown Police Department's standard operating procedures for impounding
vehicles, which were entered into evidence, include the following language: "If the owner/operator
of a vehicle has been arrested but the vehicle is not needed for evidentiary purposes, the arresting
officer will impound the vehicle unless the owner/operator requests the vehicle be released to another
responsible person who is present." While Salazar asserts that his vehicle could have been released
to his brother, it is undisputed that Salazar's brother was not present at the parole office at the time
of the arrest. Thus, the evidence reflects that the police department followed its standard procedures
in impounding Salazar's vehicle. Furthermore, the supervising officer on the scene of
Salazar's arrest testified that the parole office is located near a high-crime area, that vehicles left
there after business hours were a "prime target for burglaries," and that it was necessary to impound
the vehicle in order to insure its protection. Viewing the evidence in the light most favorable to the
trial court's ruling, we conclude that the trial court did not err in determining that the impoundment
and inventory of Salazar's vehicle was lawful. 


CONCLUSION

 Having found no error in the trial court's ruling on Salazar's motion to suppress, we
affirm the judgment of conviction.

 

 ___________________________________________

 Diane M. Henson, Justice

Before Justices Patterson, Waldrop and Henson;

 Concurring Opinion by Justice Waldrop

Affirmed

Filed: October 29, 2009

Do Not Publish
1. See Miranda v. Arizona, 384 U.S. 436 (1966).

2. With regard to the arresting officer's initial question, asking Salazar how he had gotten to
the parole office, we note that according to Salazar's own testimony at the suppression hearing, he
voluntarily told his parole officer, in the presence of police, that he had driven there in his own
vehicle. See Miranda, 384 U.S. at 478 ("Volunteered statements of any kind are not barred by the
Fifth Amendment and their admissibility is not affected by our holding today.").
3. While Salazar takes the position that police coercion is not necessary to suppress the
cocaine under the "fruit of the poisonous tree" doctrine, "both the United States Supreme Court and
the Court of Criminal Appeals have rejected this doctrine in the Fifth Amendment context of
physical evidence obtained after failing to give Miranda warnings." In re H.V., 252 S.W.3d 319, 327
(Tex. 2008) (citing United States v. Patane, 542 U.S. 630, 634 (2004) (plurality opinion); id. at 645
(Kennedy, J., concurring); Baker v. State, 956 S.W.2d 19, 23-24 (Tex. Crim. App. 1997)). 
4. The court of criminal appeals further explained that "[t]he purpose of an inventory is to
protect the owner's property while it remains in police custody, to protect the police against claims
or disputes over lost or stolen property, and to protect the police from potential dangers." 
Delgado v. State, 718 S.W.2d 718, 721 (Tex. Crim. App. 1986).