**AFFIRM; and Opinion Filed July 29, 2013.**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

**No. 05-12-00029-CR**

_____

**JOSEPH PETER GARBARINI, III, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 429th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 296-80759-2011**

## OPINION

Before Justices Moseley, O'Neill, and Lewis
Opinion by Justice O'Neill

Joseph Peter Garbarini, III appeals his convictions for continuous sexual abuse of a child and sexual performance by a child. After the jury found appellant guilty of the offenses, the trial court assessed punishment at fifty-two years' confinement in the continuous sexual abuse case and ten years' confinement in the sexual performance case. In three points of error, appellant contends: (1) the trial court erred in overruling his motion to suppress evidence, and (2) the evidence is insufficient to support his convictions. For the following reasons, we affirm appellant's convictions.

Appellant was a kindergarten teacher in the Plano Independent School District. The grand jury alleged, in a two-count indictment, that appellant committed the offenses of continuous sexual abuse of a child and sexual performance by a child. The victims of the offenses were two of appellant's female kindergarten students.

At trial, the State presented evidence that at the end of the 2009-10 school year, on May 19, 2010, S.T. made an outcry appellant had improperly touched her during a game they played called the mommy/baby game. The improper touching occurred when appellant was pretending to change S.T.'s diaper. S.T. was interviewed the day of her outcry at the Child Advocacy Center. A videotape of her interview was admitted into evidence. During her interview, S.T. stated that appellant "plays house" with her and pretends to change her diaper. She said appellant would put his hand inside her pants, but not inside her panties, when he was pretending to wipe her. She said appellant had done this a "bunch of times," and more than five times. She said sometimes appellant touched her "privacy bone" so hard that it hurt.

When appellant was confronted with S.T.'s allegations, he immediately resigned. After his resignation, the other kindergarteners in his class, including M.P., were interviewed about appellant. M.P. initially denied any inappropriate behavior. However, the evening after she was first interviewed, M.P. told her mother that she had not told the truth about appellant and the "baby game" and that appellant had touched her inappropriately. M.P. told her mother that appellant had started touching her after Christmas and that it happened "a lot . . . almost every day." M.P. was subsequently interviewed again at the Child Advocacy Center. M.P.'s interview was recorded and admitted into evidence. In her interview, M.P. stated appellant would pick them up and "grab on" their "wrong spot . . . where you pee." She said he used his hand. M.P. displayed how appellant touched her and others with his hand and fingers. She said it happened more than five times.

Police subsequently obtained a search warrant of appellant's residence and discovered numerous items of evidence establishing that appellant has an infantilism fetish, and particularly a fetish about diapers. Police found thousands of diapers made for adults with such fetishes, both clean and soiled, throughout his residence. Appellant also had a cage in the residence where he

would lock himself up as part of a sex game that included wearing diapers. The only bed in the house was a toddler princess bed with bondage restraints on each corner where appellant would restrain himself with a time lock. A videotape appellant took of himself playing this "game" showed him lying on the toddler bed in diapers.

Appellant's defense at trial was he did not touch the children, he was not a pedophile, and his sexual disorders did not involve children. The jury nevertheless found appellant guilty of continuous sexual abuse and sexual performance by a child.

In his first point of error, appellant contends the trial court erred in overruling his motion to suppress evidence. Appellant filed a pretrial motion to suppress evidence seized during the search of his residence. The search was performed pursuant to a warrant. Appellant complains the affidavit on which the warrant was based failed to establish sufficient probable cause.

In briefing this issue, appellant has failed to identify what evidence he complains was improperly admitted at trial. Nor has appellant directed this Court to where in the record any such evidence was admitted. An appellant must include in his brief a "clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). This case highlights the necessity for such a requirement. Specifically, after independently reviewing the record, and locating the portions of the record where the complained-of evidence was admitted, it is clear appellant waived any error in the trial court's ruling on the motion to suppress by stating he had no objection to the complained-of evidence.

Generally, when a trial court denies a pretrial motion to suppress evidence, a defendant need not subsequently object to the admission of the same evidence at trial in order to preserve error. *Garza v. State,* 126 S.W.3d 79, 84 (Tex. Crim. App. 2004); *Moraguez v. State*, 701 S.W.2d 902, 904 (Tex. Crim. App. 1986). However, it is well-settled that a defendant waives any error in the pretrial ruling if he affirmatively states he has "no objection" to the complained-

of evidence when it is offered at trial. *Ex parte Moore,* 395 S.W.3d 152, 157 (Tex. Crim. App. 2013); *Swain v. State*, 181 S.W.3d 359, 368 (Tex. Crim. App. 2005); *Moraguez*, 701 S.W.2d at 904. Because appellant affirmatively stated he had "no objection" when the State offered the evidence seized in the search of his residence, he waived error, if any, in the trial court's ruling on the motion to suppress. We overrule appellant's first point of error.

In his second point of error, appellant contends the evidence is legally insufficient to support his conviction for continuous sexual abuse. Specifically, he asserts the State failed to prove the abuse occurred over a period of thirty or more days. When reviewing the legal sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict, asking whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Brooks v. State*, 323 S.W.3d 893, 899, 912 (Tex. Crim. App. 2010). A jury may believe all, some, or none of any witness's testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). The jury may draw reasonable inferences from the evidence and we presume the jury resolved all inconsistencies in the evidence in favor of the verdict. *See Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

A person commits continuous sexual abuse if, during a period that is thirty days or more in duration, he commits two or more acts of sexual abuse against a child younger than fourteen years of age, regardless of whether the acts are committed against one or more victims. TEX. PENAL CODE ANN. § 21.02(b) (West 2011). An act of sexual abuse includes engaging in sexual contact with a child by touching of any part of the genitals of a child, including through clothing, if performed with the intent to arouse or gratify the sexual desire of any person. *See id;* TEX. PENAL CODE ANN. § 21.11(a)(1) (West 2011).

Here, appellant asserts there is no evidence showing the acts of abuse proven occurred over a period of more than thirty days. We disagree. S.T.'s father's affidavit was admitted into evidence without objection or limitation. In his affidavit, S.T.'s father states that S.T. told him that appellant first touched her "puff" on her first day of school. The evidence at trial showed that S.T. started school mid-year in January 2010. The State also presented evidence that appellant engaged in sexual contact with S.T. in May 2010. Specifically, S.T. made her outcry on May 19, 2010, and told her school principal that appellant had last touched her just the day before. Additionally, in her interview, S.T. stated that appellant had touched her private area a "bunch" of times. When asked whether it happened less than five times or more than five times, she said, without hesitation, more than five times. M.P.'s mother testified at trial that M.P. told her the touching started after Christmas and that it happened "a lot . . . almost every day." M.P. likewise stated in her interview that appellant had repeatedly touched her "wrong spot." When M.P. was asked whether it occurred less than five times or more than five times, she too stated without hesitation more than five times. We conclude the jury could infer the offenses occurred over a period of more than 30 days. We overrule appellant's second point of error.

In his third point of error, appellant contends the evidence is legally insufficient to support his conviction for sexual performance by a child. A person commits sexual performance by a child if he employs, authorizes, or induces a child to engage in sexual conduct. TEX. PENAL CODE ANN. § 43.25(b) (West 2011). Sexual conduct includes "sexual contact." Id. Sexual contact means any touching of the anus, breast, or any part of the genitals of any person with intent to arouse or gratify the sexual desire of any person. TEX. PENAL CODE ANN. § 43.01 (West 2011).

S.T. stated in her interview that after appellant pretended to change her diaper, he would touch her private area pretending to "wipe" it, and then would "let" her do it. M.P. said she

witnessed appellant playing the "baby game" with S.T. She stated that appellant told S.T. to reach down in her pants and to "clean up the wrong spot." S.T. did as she was instructed. Appellant then asked if S.T. was "all clean down there." M.P. said appellant was watching S.T.'s hand when S.T. "wiped" herself. Evidence at trial showed that appellant had a sexual fetish that involved diapers.

Appellant acknowledges there is some evidence that appellant directed S.T. to place her hand on her female sexual organ, but asserts there is "absolutely no evidence that would allow a rational fact finder to conclude this was "sexual conduct" as defined by the [Penal Code.]" He wholly fails to articulate how the evidence fails to prove sexual conduct. As noted above, sexual conduct includes "sexual contact." Viewing the evidence in the light most favorable to the verdict, we conclude the jury could rationally find appellant induced S.T. to engage in sexual contact by directing her to place her hand on her female sexual organ to gratify his own sexual desire. We overrule appellant's third point of error.

We affirm appellant's convictions.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE

Do Not Publish
Tex. R. App. P. 47

120029F.U05

–6–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOSEPH PETER GARBARINI III,
Appellant

No. 05-12-00029-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 429th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 296-80759-2011.
Opinion delivered by Justice O'Neill.
Justices Moseley and Lewis participating.

Based on the Court's opinion of this date, the trial court's judgments are **AFFIRMED**.

Judgment entered this 29th day of July, 2013.

/Michael J. O'Neill/

MICHAEL J. O'NEILL
JUSTICE